CHESLEY *v.* COOMBS, *and* LEAVITT *& a., Trs.*

A trustee may be chargeable, although he has agreed in writing to pay the money in his hands to the agent of the principal defendant.

The understanding between the principal defendant and his agent, as to the ownership of money in the hands of the trustee, may be a material question in determining the liability of the trustee.

When money is placed in the hands of one of two sureties as security for both, the bailee alone is chargeable as trustee of the principal.

FOREIGN ATTACHMENT.  The liability of Leavitt as trustee was tried by a jury, who found him chargeable.  The defendant Coombs, being arraigned before a magistrate, March 3, 1876, recognized in $200, with the trustees as sureties, for his appearance March 7.  Leavitt became surety at the request of Mr. Wood, counsel for Coombs, and upon his promise to save him harmless.  At or about the same time he received from Wood $200, and gave him a writing to the effect that the money was received of him as security for the appearance of Coombs, and agreeing to repay the money to Wood if Coombs should not make default.  Coombs appeared at the appointed time.

Evidence was received, subject to exception, that Leavitt understood he was receiving the money of Coombs.  On the other hand, evidence was introduced that the money was paid to Wood as security for getting bail, and for his services as counsel.

The court ruled that there was no evidence on which Hoyt could be charged. Leavitt objected that he could not be charged if Hoyt was discharged. The court overruled the objection, and Leavitt excepted. There was no evidence tending to show that the understanding of Coombs and Wood, as to the ownership of the money when the writ was served on Leavitt, was different from what it was when the money was delivered to Leavitt. The court instructed the jury, that if, when the writ was served on Leavitt, Coombs and Wood understood that the money in Leavitt's hands belonged to Coombs, it did belong to him, and Leavitt was chargeable; that if Coombs and Wood then understood it belonged to Wood, it did belong to him, and Leavitt was not chargeable,—and Leavitt excepted. Leavitt excepted to the refusal of the court to charge, that if Coombs gave the money to Wood to enable him to procure bail, and also agreed that Wood might apply the money to the expenses of his defence, when received from Leavitt, Leavitt must be discharged; and that, if it was not understood that the whole $200 was under any circumstances to be restored to Coombs by Leavitt, Leavitt must be discharged.

Leavitt objected that he could not be charged, because he was bound by his written agreement to return the money to Wood. The court overruled the objection, and Leavitt excepted. Leavitt did not claim that there could be any division of the money, or that he should be discharged as to a part of it. His claim was, that he was chargeable for no part of it: the plaintiff's claim was, that he was chargeable for the whole of it. Motion for a new trial.

*Hatch* and *Wood*, for the trustee.

*Towle* and *Leavitt*, for the plaintiff.

SMITH, J. The jury have found that both Coombs and Wood understood that the money in Leavitt's hands belonged to Coombs. There was evidence in the testimony of Hunnewell, Towle, and Wood to warrant the charge and the finding. It was not necessary that Leavitt should be a party to that understanding. His written agreement, to repay the money to Wood, was in fact an agreement with Wood as the agent of Coombs, and for his benefit. A payment to Wood would have been a bar to a recovery by Coombs, because made to his authorized agent; and a payment to Coombs would of course have barred a recovery by Wood, because made to the principal. It was a matter of indifference to the sureties whether Wood pledged his own money, or money placed in his hands by Coombs. That Coombs furnished the money is admitted; but what passed between him and his agent was material as affecting the ownership of the money. It did not require the assent of Leavitt to make valid the understanding between Coombs and his agent on that question.

It was a controverted question, whether the arrangement which contemplated the pledging of Coombs's money was abandoned, or per-

fected.    What arrangements were proposed and adopted, and what admissions were made to Leavitt, were important in determining the question of ownership; and in this view the testimony of Hunnewell and others, objected to, became material.

The discharge of Hoyt could not in any way affect the liability of Leavitt.    Hoyt was in no way liable to Coombs for the money.    Although it was left in the hands of Leavitt for the joint security of both sureties, the contract was the sole contract of Leavitt with Coombs.    When Coombs appeared, according to the tenor of his recognizance, the joint liability of the sureties was thereby terminated, leaving Leavitt with money of Coombs in his possession for which he alone had become responsible to Coombs through his agreement with Wood.    If Leavitt had squandered or misappropriated the money, Coombs would have had no remedy against Hoyt.

Upon the issue tried, neither party claimed that there could be any division of the money, and we are not called upon to inquire whether the trustee was chargeable for the excess only above the value of Wood's services.    In this view, the instructions given and the refusal to instruct were correct.    The objection, that Leavitt could not be charged because he was bound by his written agreement to return the money to Wood, is not well taken, because, if the money belonged to Coombs, a payment by Leavitt to him would discharge Leavitt from his agreement with Wood, and a judgment against him as the trustee of Coombs is the same in effect as a payment by Leavitt to Coombs.

*Exceptions overruled.*

Doe, C. J., did not sit.