CRAM *v.* SHACKLETON & *Tr.*

The money of A cannot be held by trustee process to pay the debt of B, although it was intrusted to B to be used for a particular purpose, and by him wrongfully put into the hands of the trustee for another purpose.

FOREIGN ATTACHMENT. The writ is dated March 3, and was served on the trustee March 4, 1884. At the February term, 1884, the defendant was ordered to file a bond in $200, as security for costs in a bill in equity pending in his favor against Cram. Instead of filing a bond, he deposited $200 in money with the trustee, stating to him at the time that $175 of it was furnished by James T. Johnson for that purpose. Cram had judgment at that term for $20.66 costs, which by order of court was paid out of the money deposited. James T. Johnson was interested with the defendant in certain patents, and February 21, 1884, gave the defendant his check on the American Loan and Trust Company for $175, for the purpose of paying to a New York lawyer the expense of procuring them.

The defendant obtained at a bank the money on the check, and, without Johnson's knowledge or assent, deposited it with the trustee. Johnson was not informed of this disposition of the money until after the service of the writ upon the trustee, and no part of it has been repaid to him. He was subsequently obliged to pay, and did pay, $175 to the New York lawyer in order to take out the patents. Johnson had leave to appear as claimant, but did not do so.

*Wiggin & Fuller*, for the plaintiff.

*T. J. Smith*, for the trustee.

ALLEN, J. It is conceded that the trustee is chargeable for $4.34, the question here being as to the $175. If the $175 in the trustee's hands was Shackleton's money, the trustee is chargeable for that sum; otherwise not. Both Johnson who furnished the money, and Shackleton who deposited it, understood it was Johnson's. *Chesley* v. *Coombs*, 58 N. H. 142. And the trustee, at the time of the deposit, had notice that it was Johnson's. It was given by Johnson to Shackleton to use for a particular purpose for Johnson's benefit, and Shackleton's misappropriation of the money did not any the less make it Johnson's. The trustee, having notice when he received the money that it was Johnson's, was liable in equity to repay it to him, at least after satisfying the purposes for which the deposit was made; and he cannot be charged as Shackleton's trustee. *Richards* v. *Railroad*, 44 N. H. 127, 140 ; *Leland* v. *Sabin*, 27 N. H. 74.

The fact that the claimant of the fund did not appear under the terms imposed and leave granted, does not prevent the discharge of the trustee.   The issue between the plaintiff and the trustee remains as if no motion or order for the claimant to appear had ever been made, and the trustee upon that issue can be charged only upon sufficient evidence of his having in his hands the property of the principal defendant.   The depositions of the trustee and other persons were competent evidence upon the trial of the issue (G. L., c. 249, ss. 9, 10), and it has not been shown by that evidence that the trustee is chargeable for the $175.   The finding at the trial term that the evidence was not sufficient to charge the trustee, included the finding that the $175 was not the defendant's money, but Johnson's; and that finding, unaffected by any question of law, is conclusive of the fact.

*Trustee charged for* $4.34.

CARPENTER, J., did not sit : the others concurred.