EDWIN R. HAYNES *vs.* HENRY THOMPSON and trustees.

Piscataquis.   Opinion January 28, 1888.

*Assignment of wages.   Trustee process.*

Wages to be earned under an existing contract may be assigned at law.

The claimant of funds in the hands of trustees must show the true state of affairs between himself and the defendant.

Wages not exceeding twenty dollars earned within one month prior to each service on the trustee are not attachable.

ON report.

The opinion states the case.

*Frank A. Hart,* for plaintiff, cited : *Toothaker* v. *Allen,* 41 Maine, 324; *Lamb* v. *Franklin M'f'g Co.* 18 Maine, 187; *Page* v. *Smith,* 25 Maine, 256; 1 Greenl. Ev. § 87; *Thornton* v. *Moody,* 11 Maine, 253; *McLellan* v. *Cumberland Bank,* 24 Maine, 566; *Palmer* v. *Fogg,* 35 Maine, 368; *Wilson* v. *Hanson,* 12 Maine, 58; *Bell* v. *Woodman,* 60 Maine, 465; *Sylvester* v. *Staples,* 44 Maine, 496; *Farley* v. *Bryant,* 32 Maine, 474; *Littlefield* v. *Littlefield,* 28 Maine, 180; *Chadwick*

v. *Perkins*, 3 Maine, 399 ; *Osgood* v. *Davis*, 18 Maine, 146 ; *Hancock* v. *Fairfield*, 30 Maine, 299 ; *Thompson* v. *Reed*, 77 Maine, 425 ; *Farnsworth* v. *Jackson*, 32 Maine, 419 ; *Emerson* v. *E. & N. A. R. Co.* 67 Maine, 387 ; *Pullen* v. *Hutchinson*, 25 Maine, 249 ; *Robinson* v. *Stuart*, 68 Maine, 61 ; *Prentiss* v. *Russ*, 16 Maine, 30 ; *Ripley* v. *Severance*, 6 Pick. 474 ; *Giddings* v. *Coleman*, 12 N. H. 153 ; Cooley, Torts, 473, 474 ; Drake, Attachment, § § 523, 601 ; 1 Schoul. Pers. Prop. § § 80, 81 ; 1 Pars. Cont. 466 ; 2 Pars. Cont. § 13.

*J. F. Sprague*, for claimant.

The question as to whether future earnings can be assigned has been settled in the affirmative. *Hartley* v. *Tapley*, 2 Gray, 565 ; *Emery* v. *Lawrence*, 8 Cush. 151 ; *Lannan* v. *Smith*, 7 Gray, 150 ; *St. John* v. *Charles*, 105 Mass. 262.

The validity of such assignments is also settled in *Darling* v. *Andrews*, 9 Allen, 108 ; *Boylen* v. *Leonard*, 2 Allen, 409.

The assignment of an unliquidated balance is good. *Crocker* v. *Whitney*, 10 Mass. 316 ; *Mulhall* v. *Quinn*, 1 Gray, 107 ; *Herbert* v. *Bronson*, 125 Mass. 475, and other Massachusetts cases.

If the consideration is a good one and without fraud, the claimant is entitled to the funds. *Lannan* v. *Smith*, 7 Gray, 153.

Maine decisions upon the foregoing points are among others, 4 Maine, 428 ; *Farnsworth* v. *Jackson*, 32 Maine, 420 ; *Littlefield* v. *Smith*, 17 Maine, 327.

In *Holmes* v. *Porter*, 39 Maine, 158, the court say : "In actions against several partners on a contract the proof of the partnership usually consists in evidence that they have acted as partners in the particular business. Less evidence is usually sufficient in this case than is requisite when partners sue as plaintiffs, for they are not cognizant of all the means by which the fact is capable of being proved."

In determining whether the trustee shall be discharged his answer must be taken to be true as to all matters of fact. *Chase* v. *Bradley*, 17 Maine, 89 ; *Lamb* v. *Franklin M'f'g Co.* 18 Maine, 187 ; *Stedman* v. *Vickery*, 42 Maine, 132.

HASKELL, J. Trustee process. The alleged trustees disclose an assignment to the claimant by the defendant of all of his wages due May 29th, 1885, the date of the assignment, and to become due within the year following under a contract between the defendant and the alleged trustees that the former should continue in their service so long as mutually agreed.

The case stipulates that all "facts appearing in the disclosure" are to be taken as true, and that the disclosure, the allegations of the claimant and the assignment attached, are all made a part of the case. No other evidence is adduced, and it is agreed that upon so much of the evidence as is legally admissible judgment shall be rendered.

The disclosure states that, at the date of the first service on the trustees, July 11, 1885, there was due the defendant fifty-two dollars and twenty-seven cents, and that, at the date of the second service, one month later, there was due the defendant thirty-six dollars and thirty-one cents more, in all eighty-eight dollars and fifty-eight cents; that whenever a monthly payment became due to the defendant, the claimant had collected it.

The consideration recited in the assignment, a writing not under seal, is, "for a valuable consideration."

The assignment of wages due and to become due was of the fruits of an existing employment, to cease at the pleasure of either party; but, so long as it should continue, the defendant would receive his wages, and from it, he might receive future benefit.

"A defeasible or voidable contract in force is a good ground upon which an interest may be raised, until defeated." *Brackett* v. *Blake*, 7 Met. 335. This contract raised an interest which might be assigned at law. *Weed* v. *Jewett*, 2 Met. 608; *Emery* v. *Lawrence*, 8 Cush. 151; *Mulhall* v. *Quinn*, 1 Gray, 105; *Hartley* v. *Tapley*, 2 Gray, 565; *Farnsworth* v. *Jackson*, 32 Maine, 419; *Emerson* v. *E. & N. A. Railway Co.* 67 Maine, 387; *Wade* v. *Bessey*, 76 Maine, 413.

By agreement of the parties, a copy of the assignment is to be used. Under that stipulation, the one before the court is sufficient.

The assignment is of wages due from the Oakland Slate

Company, a copartnership composed of the individuals named as trustees, and was seasonably recorded as required by statute; it is sufficient for that purpose, and if there be any fault, it is in the plaintiff's not having specifically attached a copartnership debt.

Ordinarily, the burden rests upon trustees to clear themselves from being charged. *Barker* v. *Osborne*, 71 Maine, 69 ; *Toothaker* v. *Allen*, 41 Maine, 324. So, when they disclose a sum due the defendant and an assignment of the same, unless the assignee is summoned or voluntarily appears and claims the fund, they must be charged. R. S., c. 86, § 32. But when the assignee does appear and claims the fund, the burden rests upon him to establish his claim. *Thompson* v. *Reed*, 77 Maine, 425.

In the case at bar the only evidence presented is the trustee's disclosure, the facts stated in which are agreed to be true and of course taken to prove those inferences naturally to be inferred from them, the assignment, and the claimant's statement of claim, which is only competent as admissions against himself.

The statement of claim does not pretend that the assignment was given as security for an existing indebtedness, but asserts a purchase of defendant's wages due and to be due for one year, for the sum of one hundred and one dollars and eighteen cents.

No evidence whatever in the case tends even to substantiate the truth of such claim. Had the claimant asked security for the balance of the amount stated to have been paid after deducting the amounts already received from the trustees at monthly payments, the case would have been different.

As stated in *Thompson* v. *Reed*, " a just regard for the rights of creditors requires trustees to make full, true and explicit answers to all questions propounded to them touching their indebtedness to the principal defendant in the suit, and the same rule applies to assignees who claim the funds sought to be held by the attachment."

The claimant should have more explicitly shown the true state of affairs between himself and the defendant, and not have left his claim unsupported by even his own testimony.

As between the plaintiff and claimant, equitable considerations must prevail so far as the nature of the process will admit. The claim is an equitable interference to defeat the plaintiff's claim to the fund in the hands of the trustees. *Exchange Bank* v. *McLoon*, 73 Maine, 498; *White* v. *Kilgore*, 78 Maine, 323.

The trustee cannot be charged for the sum exempted for personal labor by R. S., c. 86, § 55, viz., twenty dollars earned within one month prior to each service on the trustee, and the same, in all forty dollars, must be deducted from the amounts due at each service of the trustee process. *Collins* v. *Chase*, 71 Maine, 434.

> *Trustee charged for forty-eight dollars and fifty-eight cents, from which he may retain his costs. Claim disallowed. Plaintiff to recover costs of claimant.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.