THOMAS JENNESS, and another, *vs.* J. HENRY WHARFF,

CITY OF BANGOR, Trustee, and F. O. BEAL, Claimant.

Penobscot.    Opinion, March 15, 1895.

*Trustee Process.    Order.    Attachment.    Assignment.    R. S., c. 32, § 10.*

A trustee process is in substance an equitable proceeding for the settlement of the ownership of a fund, especially when a claimant appears and becomes a party to the proceeding, although arising in an action at law.

The principal defendant gave an order of the following tenor to the claimant in this trustee suit: " Bangor, June 29, 1893.   City Treasurer of Bangor, Maine.   Please pay to F. O. Beal $73 and charge the same to my account.   J. Henry Wharff." This order was carried directly to the city treasurer who was asked if he would accept it.   The treasurer replied that he would when it was allowed by the city government.   Subsequently this suit was brought.

The disclosure of the city treasurer shows that he delivered the order to the claimant after the commencement of this suit, and the day after it was allowed by the city council; and at that time he wrote upon the back thereof the following acceptance: " Bangor, August 9, 1893.   Accepted for balance of money due on the within order after paying the amount of trustee suit in favor of T. Jenness & Son."

*Held;* that the fund belonged to the claimant by the order and acceptance, as against a subsequent attaching creditor.

ON EXCEPTIONS.

The case is stated in the opinion.

*A. J. Merrill,* for plaintiffs.

There was no written acceptance. R. S., c. 32, § 10.

An unaccepted bill or draft payable generally, and not drawn upon a particular fund, is not a valid assignment of the fund, and creates no liability upon the drawee and no lien in favor of the payee. Am. and Eng. Ency. of Law. (Assign.) An unaccepted order for part of a fund alleged to be due the drawer does not operate as a legal or equitable transfer of the amount therein called for, nor does it constitute a lien on such fund, and hence it is unavailing against a subsequent garnishment of the fund by a creditor of the drawer. *Missouri Pacific R. R. Co.* v. *Wright*, 38 Mo. 142 ; Am. & Eng. Ency. of Law. (Orders.) To constitute an assignment the order must be drawn upon a particular fund. It is not enough that it is drawn upon a debtor by a creditor in general terms. *Exchange Bank* v. *McLoon*, 73 Maine, 511 ; *Gibson* v. *Cooke*, 20 Pick. 15 ; *Kingman* v. *Perkins*, 105 Mass. 111 ; *Whitney* v. *Eliot Nat. Bank*, 137 Mass. 351 ; *Hall* v. *Flanders*, 83 Maine, 243.

A general order cannot operate as an assignment. Even a check drawn against a fund deposited in a bank is not deemed an assignment in an action at law. *Hall* v. *Flanders*, 83 Maine, 243, and cases cited.

In order to constitute an assignment, the particular fund from which the order is to be paid, must be specified. If the order is general in form, it will not make it an assignment that there was but one fund in hands of debtor, or that there were circumstances showing intent to charge that fund. Story's Equity Juris. § 1047, note (a) ; *Hatter* v. *Ellwanger*, 4 Lans. (N. Y.) 8 ; *Lunt* v. *Bank of N. America*, 49 Barb. 221.

The burden rests upon the claimant to establish his claim. *Thompson* v. *Reed*, 77 Maine, 425 ; *Haynes* v. *Thompson*, 80 Maine, 128.

*H. L. Mitchell,* for claimant.

SITTING : PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

FOSTER, J. This is a trustee suit. The real question is whether the funds disclosed belong to the claimant, who has become a party to the suit for the purpose of asserting his claim, or to the plaintiff who has attached them in the hands of the trustee. Our conclusion is that they belong to the claimant.

While it is true that the burden rests upon the claimant to establish his claim to the funds, and that the assertion of his claim is an equitable interference to defeat a right which the plaintiff might otherwise have, yet as between these parties we think the claimant is entitled to the funds upon legal as well as upon equitable grounds.

The city of Bangor, the trustee, owed the principal defendant for services, the sum of seventy-two dollars. After the services had been performed, the defendant went to the claimant and stated that he was in need of money, and requested him to let him have the money for his bill against the city. Thereupon the claimant let him have seventy-three dollars, and, as he says, " bought the claim against this city," receiving from the defendant the following order :

"Bangor, June 29, 1893.

City Treasurer of Bangor, Maine.

Please pay F. O. Beal seventy-three dollars and charge the same to my account.                    J. Henry Wharff."

The claimant carried this order directly to the city treasurer and handed it to him and asked him if he would accept it. The treasurer took it, read it and said he would, and would pay it when it was allowed by the city government.

Subsequently this suit was brought, and the money has not been paid.

The treasurer in his disclosure agrees in reference to the material facts with the claimant, but says in addition that he delivered the order to Mr. Beal after the commencement of this suit, and the day after it was allowed by the city council, and at that time wrote his acceptance upon the order in these words : "Bangor, August 9, 1893. Accepted for balance of money due on the within order after paying the amount of trustee suit in favor of T. Jenness & Son."

This suit is not against the treasurer, or the city, as acceptor of the order, and therefore the rule in relation to what is necessary in order to charge one as an acceptor of a draft, or written order, as stated in *Hall* v. *Flanders*, 83 Maine, 242, does not apply. The suit is in substance an equitable proceeding for the settlement of the ownership of a fund, especially since a claimant to the fund has appeared and become party to the proceeding, though arising in an action at law. *White* v. *Kilgore*, 77 Maine, 571; *Exchange Bank* v. *McLoon*, 73 Maine, 498. "As between the plaintiff and claimant, equitable considerations must prevail so far as the nature of the process will admit." *Haynes* v. *Thompson*, 80 Maine, 125, 129.

It does not appear that the city was owing the defendant any other bill. The order which the defendant gave to the claimant was not for a portion, but really for a slight amount more than was due him. It could relate to no other bill than that due from the city to the defendant. The claimant paid full consideration for the same, and at the same time took the order of the defendant authorizing and directing the payment of the money to the claimant. This may properly be regarded as a sufficient assignment of the fund; and when the claimant carried it and delivered it to the treasurer he did all that was necessary to protect his rights as against a subsequent attaching creditor. *Kingman* v. *Perkins*, 105 Mass. 111.                    *Exceptions overruled.*