O. M. HATCHER v. H. C. PLUMLEY and J. P. Edwards, Defendants, and FORUM PRINTING COMPANY and H. F. Emery, as Receiver of said Company, Garnishee Defendants and Respondents.

(164 N. W. 698.)

**Garnishee — liability of — measured by responsibility to defendant — plaintiff — recovery by — no greater.**

1. A garnishee's liability is measured by his responsibility and relation to the principal defendant. A plaintiff cannot by garnishment place himself in a superior position as regards a recovery, than is occupied by the defendant.

**Garnishment liens — other liens — priority of — time — determined by — right first acquired — generally superior.**

2. Priority between garnishment liens and other liens or claims upon the same property is generally determined by priority of time. The right first acquired is, as a rule, superior.

**Garnishment proceedings — fund in — equitable claimants — rights of.**

3. The rights of equitable claimants to funds involved in a garnishment proceeding will be recognized and protected in such proceeding.

Opinion filed August 20, 1917. Rehearing denied October 3, 1917.

From a judgment of the District Court of Cass County, *Pollock,* J., plaintiff appeals.

Affirmed.

*Fowler & Green,* for appellant.

"The service of garnishee papers upon the garnishee operates as an equitable levy upon such of the debtor's property and credits as were at the time of such service in the hands of the garnishee." Winner v. Hoyt, 68 Wis. 278, 32 N. W. 132; Globe Mill. Co. v. Boynton, 87 Wis. 619, 59 N. W. 136; Morawetz v. Sun Ins. Office, 96 Wis. 175, 65 Am. St. Rep. 43, 71 N. W. 110; Maxwell v. Bank of New Richmond, 101 Wis. 286, 70 Am. St. Rep. 926, 77 N. W. 149.

"The protection of the plaintiff against danger of the garnishee's placing the property beyond the reach of the court is the right to a personal judgment against the garnishee, defendant, or an injunction to restrain the garnishee from in any way parting with the property pend-

ing the proceedings and the right to follow the property as against persons deriving title from the garnishee with notice of equitable lien." La Crosse Nat. Bank v. Wilson, 74 Wis. 391, 43 N. W. 153; North Star Boot & Shoe Co. v. Ladd, 32 Minn. 381, 20 N. W. 335; Mahon v. Fansett, 17 N. D. 104, 115 N. W. 79.

"A lien is created on debtor's property in the hands of garnishee when summons is served upon garnishee, providing it is subject to lien at all." Burcell v. Goldstein, 23 N. D. 257, 136 N. W. 243; Atwood v. Tucker (Atwood v. Roan) 26 N. D. 622, 51 L.R.A.(N.S.) 597, 145 N. W. 587; Hartzell v. Vigen, 6 N. D. 117, 35 L.R.A. 451, 66 Am. St. Rep. 589, 69 N. W. 203.

The appointment of a receiver for defendant debtor in no way affects the lien by garnishment already acquired. Baldwin v. Hosmer, 101 Mich. 119, 25 L.R.A. 739, 59 N. W. 432, s. c. 101 Mich. 432, 59 N. W. 669; Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261; 34 Cyc. 228 and cases.

The agreement of Plumley did not give the creditors any right, title, or interest in or to or lien upon the debt, but on the contrary was merely a personal covenant of Plumley. Bray v. Booker, 6 N. D. 526, 72 N. W. 933; Nebraska Moline Plow Co. v. Fuehring, 60 Neb. 316, 83 N. W. 69; Christmas v. Russell (Christmas v. Gaines) 14 Wall. 69, 20 L. ed. 762.

"The transfer must be of such a character that the fund-holder can safely pay, and is compellable to do so, though forbidden by the assignor. Where the transfer is of the character described, the fund holder is bound from the time of notice." Fairbanks, M. & Co. v. Welshans, 55 Neb. 362, 75 N. W. 865; Brandt, Suretyship & Guaranty, § 85.

"The oral promise of an officer and stockholder of a corporation, who is liable as an indorser on its paper and for debts or obligations assumed by the corporation to pay for goods sold and delivered to it, is collateral and within the statute; the benefit accruing to him from such sale and delivery being remote and indirect." Hurst Hardware Co. v. Goodman, 68 W. Va. 462, 32 L.R.A.(N.S.) 598, 69 S. E. 898, Ann. Cas. 1912B, 218; Wood v. Dodge, 23 S. D. 95, 120 N. W. 774; 1 Brandt, Suretyship & Guaranty, p. 163; Miami County Nat. Bank v. Goldberg, 133 Wis. 175, 15 L.R.A.(N.S.) 1115, 113 N. W. 391; Millard v. Steers, 9 App. Div. 419, 41 N. Y. Supp. 321, 158 N. Y. 741, 53 N. E.

1128; Mine & Smelter Supply Co. v. Stockgrowers' Bank, 98 C. C. A. 229, 173 Fed. 859; Winne v. Mehrbach, 130 App. Div. 329, 114 N. Y. Supp. 618; Bauer v. Ambs, 144 App. Div. 274, 128 N. Y. Supp. 1024.

In order to constitute a defense to plaintiff's garnishment, it must be an agreement which the garnishee could enforce on its own behalf, as a defense to a suit by Plumley. Blasdel v. Erickson, 157 Ill. App. 615; Shortridge v. Sturdivant, 32 N. D. 154, 155 N. W. 20.

If this is an agreement which is only available to the creditors, then it is not available to the garnishee or the receiver who steps into its shoes, and cannot be gratuitously set up as a defense by either of them. Comp. Laws 1913, § 5841; Parlin v. Hall, 2 N. D. 473, 52 N. W. 405.

Without attempting to lay down any general rule which shall mark the line between cases where a stranger to a contract may, and cases where he may not, sue upon the agreement to which he is not a party, we are clear that under the law the plaintiff could not maintain an action upon this written instrument. Garnsey v. Rogers, 47 N. Y. 233, 7 Am. Rep. 440; Merrill v. Green, 55 N. Y. 270; Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; Lorillard v. Clyde, 122 N. Y. 498, 10 L.R.A. 113, 25 N. E. 917; Wright v. Terry, 23 Fla. 160, 2 So. 6; Chung Kee v. Davidson, 73 Cal. 522, 15 Pac. 100.

"Where two persons, for a consideration sufficient as between themselves, covenant to do some act which, if done, would incidentally result in the benefit of a mere stranger, the stranger has not the right to enforce the covenant, although one of the contracting parties might enforce it as against the other." Lake Ontario Shore R. Co. v. Curtiss, 80 N. Y. 222; Comp. Laws 1913, § 3840; Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; Fish & H. Co. v. New England Homestake, 27 S. D. 221, 130 N. W. 841; 2 Elliott, Contr. § 1413 and cases; Kramer v. Gardner, 104 Minn. 370, 22 L.R.A.(N.S.) 492, 116 N. W. 925; Johnson v. Bamberger, — Ark. —, 19 S. W. 920.

The contract is not one between the creditors for their common benefit. Nebraska Moline Plow Co. v. Fuehring, 60 Neb. 316, 83 N. W. 69; Wade, Garnishment, § 514.

"The contract, to affect the garnishee's liability, must be one to which he is a party, unless it amounts to an assignment or encumbrance of the property." Wade, Garnishment, § 445; Roberts v. First Nat. Bank, 8 N. D. 474, 79 N. W. 993.

*Watson, Young, and Conmy,* for respondents.

No judgment shall be rendered upon the liability of a garnishee by reason of any money or other thing owing from him to the defendant, unless before judgment against the defendant it shall have become due absolutely and without depending upon any further contingency; but judgment may be given for any money or other thing owing after it shall have become due absolutely and without depending on any contingency. Comp. Laws 1913, §§ 7575, 7583, 7584.

The garnishee stands liable to plaintiff for the credit disclosed, "to the extent of defendant's right or interest therein." Comp. Laws 1913, § 7583.

While the creditor may obtain all that belongs to the defendant-debtor he cannot get more. He cannot secure a better position than that occupied by the debtor as to the fund or property garnished. The debtor's rights are the source of all the creditor's rights. Dickinson v. Davis, 164 Iowa, 449, 145 N. W. 957; Ford v. Ætna L. Ins. Co. 70 Wash. 29, 126 Pac. 69; North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co. 152 U. S. 596, 38 L. ed. 565, 14 Sup. Ct. Rep. 710.

"Plaintiff's right to recover against the garnishee is predicated upon the defendant's right to recover in his own name against the garnishee." Shortridge v. Sturdivant, 32 N. D. 154, 155 N. W. 20; Shinn, Attachm. & Garnishment, § 516, pp. 158, 159.

The statements made by Plumley to the creditors amounted to an equitable assignment. It is objected that such assignment was not valid because not in writing. But it is well established that such an assignment need not be in writing. It is good if made by parol. Smith v. Meyer, 84 Minn. 455, 87 N. W. 1122; Oppenheimer v. First Nat. Bank, 20 Mont. 192, 50 Pac. 419; Williams v. Ingersoll, 89 N. Y. 508; Roberts v. First Nat. Bank, 8 N. D. 474, 79 N. W. 993.

CHRISTIANSON, J.   The defendant Plumley was the president of the Forum Printing Company, and he and the defendant Edwards owned practically all the capital stock of the corporation. On January 19, 1912, these defendants entered into a contract with the plaintiff O. M. Hatcher whereby they agreed to sell their stock in said corporation to said Hatcher on or before April 1, 1912, for a stipulated consid-

eration. Thereafter, on April 2, 1912, the plaintiff brought an action to rescind said contract, and to recover certain moneys paid to defendants thereunder, and to recover special damages alleged to have been sustained in connection with said transaction. On the same date, to wit, April 2, 1912, the plaintiff instituted, ancillary to said main action, a garnishment action against the Forum Printing Company as garnishee. On April 30, 1912, the Forum Printing Company served an affidavit admitting an indebtedness to the defendant Plumley in the sum of $12,902.42, and an indebtedness to the defendant Edwards in the sum of $11.10. On August 16, 1912, an action was commenced in the district court of Cass county wherein S. S. Lyon was plaintiff and the Forum Printing Company defendant, in which action the garnishee H. F. Emery was duly appointed receiver of the Forum Printing Company by an order duly entered in said last-mentioned action on August 16, 1912. Thereafter the receiver published notice to creditors to present their claims, and on January 3, 1913, the plaintiff Hatcher filed a claim reciting the facts above stated. On January 2, 1915, a stipulation was entered into between the parties in the main action, wherein the preceding stated facts, including the facts with respect to the appointment of the receiver of the Forum Printing Company and the presentation by Hatcher of his claim to such receiver, were fully stated. The stipulation provided for entry of judgment adjudging that the contract of purchase be rescinded, and that Hatcher recover judgment against Plumley and Edwards for the moneys paid upon the purchase price, namely $4,583.33, with 7 per cent interest from March 1, 1912. The stipulation further provided, however, that no execution should issue on such judgment against the defendants, personally, but that such judgment should be collected only out of the indebtedness of the Forum Printing Company to the defendants, and by and through the garnishment proceedings, and the claim of the plaintiff filed against the receiver. Judgment was duly entered upon and in accordance with the terms of such stipulation on July 5, 1915. On February 23, 1915, the garnishee defendant asked for and obtained leave to serve an amended disclosure. In such amended disclosure it is asserted "that at the time of the service of the garnishment summons in the above-entitled matter upon the said above garnishee, to wit, on April 2, 1912, it, the said Forum Printing Com-

pany, was indebted to the said defendant H. C. Plumley, upon open book account covering salary for services as president and general manager of said company for preceding years in the sum of $12,902.43; that except as aforesaid, the Forum Printing Company then had no property, money, or effects of the said defendant in its possession or under its control, save that it was at said time further indebted to the said H. C. Plumley in the sum of $184.03 upon a claim which, by decree of the court herein, has heretofore been established as a prior lien upon the assets of the Forum Printing Company.

"That said debt above mentioned, to wit, $12,902.43, of the Forum Printing Company to H. C. Plumley, was on and prior to April 2, 1912, in all things subject to prior equities and claims as follows: Said sum, as a claim against Forum Printing Company, was subject to the prior payment in full of all the other creditors of the Forum Printing Company; that payment of said debt of $12,902.43 to the said H. C. Plumley by said Forum Printing Company had been by him, the said H. C. Plumley, long prior to April 2, 1912, waived, and the payment thereof postponed in favor of all other creditors of said Forum Printing Company; that such waiver and agreement for postponement of the payment thereof, thus made by the said H. C. Plumley, had been acted upon by creditors of the Forum Printing Company in the matter of their granting credit, making loans, and renewals and extensions, all of which things were done long prior to April 2, 1912; that the Forum Printing Company, prior to April 2, 1912, received credit, obtained loans of money, and obtained extensions of previously negotiated loans and notes, upon the basis and strength of the said H. C. Plumley's waiver of his said claim of $12,902.43, and upon the strength and basis of said last-mentioned claim being at all times held and taken to be subordinate and inferior to, and subject to, the payment of all other creditors of the said Forum Printing Company, in full, before any payment whatever should be made or should become liable to be made by the Forum Printing Company in favor of the said H. C. Plumley; and that the said H. C. Plumley, long prior to April 2, 1912, consented and agreed to and with the other creditors of the said Forum Printing Company, that as consideration for the making of loans, the granting of credit, and the extension of maturing loans of creditors of the Forum Printing Company, he, the said H. C. Plumley, would

and did waive and agree that he would never assert said claim of $12,902.43 unless, or until, all other creditors of said Forum Printing Company were first paid in full their claims against said company; that the interest, if any, of the plaintiff, O. M. Hatcher, in and to said claim of $12,902.43 against the Forum Printing Company, is subject and subordinate to the claims of all other creditors of said Forum Printing Company which were in existence on or prior to April 2, 1912."

The receiver, H. F. Emery, who was joined as a party, adopted the disclosure of the Forum Printing Company as his answer in the garnishment action, and that action was tried upon the issue joined by plaintiff on such disclosure.

The undisputed evidence showed that Plumley and Edwards were and had been owners of practically all the capital stock of the Forum Printing Company; that Plumley, up to May 4, 1912, was the president of the company; that the Forum Printing Company was indebted to Plumley in the sum of $12,902.42; that Plumley at various times prior to April 2, 1912, had negotiations with various large creditors of the company and induced them to extend credit to such company upon his promise that his (Plumley's) claim would be secondary and subordinate to the claims of the other creditors of the company; that such promises were made to and relied upon by the following specific creditors, whose claims were as follows:

| | |
|---|---|
| Wright, Barrett, & Stillwell Co. | $6,671.49 |
| A. E. Bestic, | 3,205.94 |
| First National Bank of Fargo, | 5,790.88 |
| Merchants National Bank of Fargo, | 13,512.55 |
| James Kennedy, | 5,015.42 |
| Total | $34,196.28 |

(In addition to his claim above mentioned, James Kennedy had executed notes, as accommodation maker, or as an accommodation had guaranteed payment of notes, for the Forum Printing Company, which notes are held and have been filed as claims against the Forum Printing Company, by the State Bank of Erie, First National Bank of Page, and the Fargo National Bank, in amounts aggregating $7,146.60. And

it appears from the evidence that Kennedy not only extended the credit evidenced by his claim, but also assumed the liability as accommodation maker or indorser upon the claims mentioned, in reliance upon Plumley's promise that his (Plumley's) claim would be secondary to the claims of all other creditors.)

It further appears that all the assets of the corporation have been sold and converted into cash; that the total amount of cash in the hands of the receiver, after payment of claims secured by mortgages upon the property, taxes, and other claims of a preferred character, is $33,410.-89, and that the unsecured claims allowed aggregated $57,301.99. (The claim of Plumley was not allowed, and is not included in this amount.)

The trial court ordered a dismissal of the garnishment action, and plaintiff appeals.

The sole question on this appeal is whether the agreement on the part of Plumley, made with and acted upon by certain creditors of the Forum Printing Company prior to the institution of the garnishment action, is valid as against, and takes precedence over, the garnishment.

Under our statute, a creditor is "entitled to proceed by garnishment . . . against any person . . . who shall be indebted to or have any property . . . in his possession or under his control. belonging to such creditor's debtor." Comp. Laws 1913, § 7567. ' When a garnishee is indebted or under liability to the defendant named in the garnishee summons, he should set forth in his answer a description of the indebtedness and whether the same is "an absolute or contingent liability and all the facts and circumstances necessary to a complete understanding of such liability or indebtedness or when the garnishee shall be in doubt respecting any such liability or indebtedness, he may set forth all the facts and circumstances concerning the same and submit the question to the court." Comp. Laws 1913, § 7575.

When the answer of the garnishee discloses that any other person than the defendant claims the indebtedness or property in his hands, the court may order such claimant to be interpleaded as a defendant to the garnishment action. Comp. Laws 1913, § 7582.

The garnishee from the time of the service of the summons stands "liable to the plaintiff to the amount of the property, money, credits and effects in his possession or under his control belonging to the de-

fendant, or in which he shall be interested, *to the extent of his right or interest therein,* and of all debts due or to become due to the defendant, except such as may be by law exempt from execution." Comp. Laws 1913, § 7583. And "no judgment shall be rendered upon a liability of the garnishee arising . . . by reason of any money or other thing owing from him to the defendant, unless before judgment against the defendant it shall have become due absolutely and without depending upon any future contingency; but judgment may be given for any money or other thing owing after it shall have become due absolutely and without depending on any contingency." Comp. Laws 1913, § 7584.

The manifest purpose of garnishment process, and the intent of the legislature as evinced by these statutory provisions, is to subject the property owned by, or debts due to, a defendant in an action, to the payment of the judgment obtained therein. But it is equally evident that only the actual interest of the defendant in such property or indebtedness can be reached by such garnishment proceedings. The creditor cannot by garnishment obtain any more than actually belongs to his debtor. The rights of the debtor are the source of the creditor's rights. The stream cannot rise higher than its source. And if there are any legal or equitable bars standing in the way of the defendant enforcing his right or interest against the garnishee (or claimants interpleaded), the same bars will stand in the way of the plaintiff in the garnishment action. The plaintiff in a garnishment action at the most becomes subrogated to the rights of the defendant in the main action. He can obtain no greater or better title to the property or indebtedness garnished than that possessed by the defendant in the main action. If it appears that for some reason the defendant in the main action could not successfully have maintained an action in his own name for his own use against the garnishee defendant by reason of the rights of the garnishee, or some third person, manifestly, these rights will equally bar the rights of the plaintiff. Under no circumstances can the plaintiff be placed in a more favorable, or the garnishee in a worse, position than if the defendant was himself enforcing his claim. Smith v. Clarke, 9 Iowa, 241, 245. For the plaintiff cannot by garnishment place himself in a superior position as regards a recovery than is occupied by the principal defendant. The garnishee's liability is meas-

ured by his responsibility and relation to the defendant. And he can be charged only in consistency with the subject of his contract with the defendant. And if, by any pre-existing bona fide contract, his accountability has been removed or modified, it follows that the garnishee's liability is correspondingly affected. The garnishment cannot change the nature of a contract between the garnishee and the defendant, nor prevent the garnishee from performing his contract with third persons. Shortridge v. Sturdivant, 32 N. D. 154, 158, 155 N. W. 20; Shinn, Attachm. & Garnishment, § 516; Petrie v. Wyman, 35 N. D. 126, 159 N. W. 616.

"Priority between garnishment liens, and other liens or claims upon the same property, is generally determined by priority of time. *The right first acquired is, as a rule, superior.* Rights under garnishment are subordinate to a good pre-existing equitable assignment, though the latter is not perfect at law. . . . Again, the right of subrogation which arises upon payment by sureties of a judgment against the principal debtor takes priority over a lien acquired by garnishment entered after the judgment." 12 R. C. L. p. 848, § 90.

As already stated, it appears from the undisputed evidence in this case, that certain creditors of the Forum Printing Company extended existing obligations and advanced new credits in reliance upon the agreement and representations of Plumley that his claim against the Forum Printing Company would be subordinate and inferior to the claims of other creditors of the company. When Plumley made these promises and representations, it was greatly to his interest to have the credit sought extended to the Forum Printing Company. He was vitally interested in the maintenance and continuation of the business of that company. And we are wholly unable to see any reason why he could not legally waive his claim against the Forum Printing Company as to other creditors. Suppose Plumley, instead of making the agreement referred to, had in good faith absolutely canceled his claim against the Forum Printing Company in order to enhance the financial standing of the company, could the plaintiff in the present action have contended that the claim was still existent so far as he was concerned? Manifestly not. In the case at bar, Plumley, in effect, told the creditors that he would release his claim in so far as their claims were con-

cerned. And, in reliance upon his promise, they extended credit to the Forum Printing Company accordingly.

Appellant has assailed the arrangement between Plumley and his creditors upon various grounds, but apparently overlooked the fact that the plaintiff is not a creditor of the Forum Printing Company,—he is Plumley's creditor. And in this action he stands in Plumley's shoes. He has as much right as, and no more right than, Plumley would have had to assail such arrangement in event Plumley had endeavored to file a claim in the receivership proceedings in disregard of his agreement with the creditors.

The instant garnishment action "is, in substance, an equitable proceeding for the settlement of the ownership of a fund, especially since a claimant to the fund has appeared and become party to the proceeding, though arising in an action at law. . . . 'As between the plaintiff and claimant, equitable considerations must prevail, so far as the nature of the process will admit.'" Jenness v. Wharff, 87 Me. 307, 32 Atl. 908; Haynes v. Thompson, 80 Me. 125, 13 Atl. 276.

Plaintiff's right to enforce or collect the account is burdened with all claims or rights, legal or equitable, which might have been urged by the Forum Printing Company, or the creditors against Plumley. Rood, Garnishment, §§ 66, 349; Jenness v. Wharff, supra; Cram v. Shackleton, 64 N. H. 44, 5 Atl. 715; Haas v. Old Nat. Bank, 91 Ga. 307, 18 S. E. 188; Chamberlain v. Gilman, 10 Colo. 94, 14 Pac. 107; Carr v. Waugh, 28 Ill. 418; Dressor v. McCord, 96 Ill. 389; Smith, T. & Co. v. Clarke, 9 Iowa, 241; North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co. 152 U. S. 596, 38 L. ed. 565, 14 Sup. Ct. Rep. 710; Dickinson v. Davis, 164 Iowa, 449, 145 N. W. 957.

The judgment appealed from must be affirmed. It is so ordered.

GRACE, J. I dissent.