FARGO SILO COMPANY, a Corporation, Respondent, v. PIONEER STOCK COMPANY, a Corporation, and H. N. Tucker, Appellants.

(171 N. W. 849.)

**Judgments — default judgment — change of place of trial — service by mail.**
 This action was brought in Cass county. The defendant Pioneer Stock Company was domiciled at Stutsman county and defendant Tucker was a resident of Stutsman county at the time of the bringing of the action. The defendants were entitled to have the case tried in Stutsman county if demand therefor was duly made in time; *held* under the evidence in this case that such demand was made in time. This being true, the right of the defendants to have the case tried in Stutsman county became absolute, and further *held*, that the district court of Cass county, from the time of making of proper and legal demand for a change of venue, was without jurisdiction to enter judgment in the case or to do any other act excepting to make an order granting the change of venue and transferring the case and all matters connected therewith to the jurisdiction of the district court of Stutsman county.

Opinion filed March 25, 1919.

Appeal from the District Court of Cass County, *A. T. Cole, J.*
Reversed and remanded.
*George H. Stillman,* for appellants.

"Service of demand and answer were complete upon the dropping of the envelop containing them in the United States Postoffice within the statutory time." Clyde v. Johnston, 4 N. D. 92, 58 N. W. 512; Cedar Rapids N. Bank v. Coffey, 25 N. D. 459, 141 N. W. 997; Comp. Laws 1913, § 7887; Nind v. Myers, 15 N. D. 400, 109 N. W. 335.

Judgment entered before time for answer expired is erroneous and void. Hogg v. Christensen, 29 N. D. 8, 149 N. W. 562.

"The right to demand change of place of trial is an absolute right." Comp. Laws 1913, § 7418; Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452, Dak. Rev. Codes 1877, § 95.

A general denial presents a valid, legal, substantial defense, and cannot be struck as sham or frivolous. Kline v. Harris, 30 N. D. 424, 152 N. W. 688.

*Pierce, Tenneson, & Cupler,* for respondent.

"Service by mail is not personal service." Comp. Laws 1913, § 7951; 31 N. D. 375.

"Service by mail may be made only when statute provides for it." Comp. Laws 1913, §§ 7952, 7953; People v. Alameda Turnp. Co. 30 Cal. 182, and cases cited on page 185 from New York; Clark v. Adams, 33 Mich. 164; Moore v. Besse, 35 Cal. 186; People v. Alameda Turnp. Road Co. 30 Cal. 186.

"Where a question of fact is decided on a motion, the decision of the trial court will not be disturbed on appeal, unless clearly opposed to the weight of the evidence." Totten v. Sale, 72 Ala. 488; Haley v. McCarty (Neb.) 67 N. W. 857; Bowker v. Goodwin, 7 Nev. 135.

"Findings of fact by the court on conflicting affidavits will be sustained on appeal." Barrett v. Graham, 19 Cal. 632; Flannigan v. Duncan (Minn.) 49 N. W. 981; Tyler v. Hildreth, 77 Hun, 580; Reigner v. Spang, 5 App. Div. 237, 39 N. Y. Supp. 127; Johnson v. Steele (Neb.) 36 N. W. 358; Wheeler v. Catlin, 44 Wis. 464; 23 Cyc. 958 and cases cited; Wheeler v. Castor, 11 N. D. 347.

"While a general denial will suffice as an answer, if made within the required time, an answer making a prima facie showing of a good defense is essential to the opening of a default." Doulan v. Thompson Falls Copper Co. (Mont.) 112 Pac. 445; Mougey v. Miller (N. D.) 169 N. W. 735; Racine v. Pavlecik, 21 N. D. 222, and cases cited.

GRACE, J. Appeal from the district court of Cass County, North Dakota, A. T. Cole, Judge.

This action is one to recover upon a promissory note for $193.50. The action was instituted in the district court of Cass county on November 12, 1917, by the service of the summons upon each of the defendants. The defendant Pioneer Stock Company was domiciled at Courtenay, Stutsman county. The defendant Tucker had been a resident of Foster county for thirty-three years. The note in question was signed "Pioneer Stock Company by H. N. Tucker, President." The complaint was in the ordinary form. The defendants being domiciled or residing in Stutsman county, it was the proper county in which to try the case. The county of Cass designated in the complaint was not the proper county, though the action could be tried therein unless the defendant, before the time of answering expired, demanded in writing that the trial be had in the proper county and the place of trial be changed either by the consent of the parties or by order of the court, as and for the reasons, or some of them, as provided in § 7418, Compiled Laws 1913. H. N. Tucker made affidavit dated December 12, 1917, in which he set forth that the Pioneer Stock Company is domiciled at Courtenay, Stutsman county, North Dakota, and that it had never been domiciled in any other place, and that the affiant Edwards had been a bona fide resident of Stutsman county for thirty-three years, and had never been a resident of Cass county. The affidavit further showed that the action was brought in the wrong county and demanded a change of venue of the action from Cass county to Stutsman county. If the defendants in time made a proper demand for a change of venue, then the district court of Cass county had no jurisdiction to enter the judgment in this case. Herein lies the principal contention. Summons having been served on the 12th day of November, 1917, the defendants had until the expiration of the 12th day of December within which to demand change of venue; for their right to answer did not expire until that time. George H. Stillman made affidavit in which he positively stated under oath that on the 12th day of December, 1917, in the village of Courtenay, Stutsman county, North Dakota, he prepared an answer to the complaint in said action, and also prepared a demand for change of venue from the district court of Cass county to the district court of Stutsman county, and also prepared a stipulation for a change of venue

of the action pursuant to the demand; that on the 12th day of December, 1917, at 8:30 o'clock P. M., he deposited a full, true, and complete copy of the answer, and the original and copy of the demand for a change of venue and the original and copy of the stipulation for a change of venue in a securely sealed envelop with postage fully prepaid, in a United States postoffice in the village of Courtenay, Stutsman county, North Dakota, addressed to Pierce, Tenneson, & Cupler, of Fargo, who were the attorneys for plaintiff; that there is a regular communication by mail between the village of Courtenay and the city of Fargo.

Section 7952, Compiled Laws 1913, is as follows: "Service by mail may be made when the person making the service and the person on whom it is to be made reside in different places, between which there is a regular communication by mail."

The attorneys for the plaintiff reside in Fargo; attorney for defendant, Mr. Stillman, resides at Carrington. Stillman in his affidavit did not show that he resided at Carrington. The counter affidavit on behalf of the plaintiff made by Mr. Tenneson clearly shows Stillman's place of residence. It is a fact that the party sending the notice and the party to whom it was sent reside in different places between which there is a regular communication by mail which entitled the sender of the notice to send it by mail, but it does not follow from that, that the notice must be mailed at the postoffice in the place where the sender resides.

Section 7953, Compiled Laws 1913, reads thus:

"In case of service by mail, the paper must be deposited in the postoffice, addressed to the person on whom it is to be served, at his place of residence, and with postage prepaid."

This affidavit of Stillman is not controverted. While it is true the envelop in which the demand for change of venue and other papers were inclosed bears the postmark at Courtenay of date of December 13th at 7 A. M. of said day, this does not, however, establish the point of time when the letter was deposited in such postoffice. There is nothing to show what time the letter was deposited in the postoffice at Courtenay except the affidavit of Stillman, and it is entirely uncontroverted and must be accepted as true. It thus appearing that the demand for change of venue having been served in time by mail upon the plaintiffs, the right of the defendants in this case to a change of venue became abso-

lute, and from the time of the mailing of such demand in the manner as above set forth, the district court of Cass county ceased to have jurisdiction of the cause of action. Under the circumstances of this case, where it clearly appears the defendants are residents of another county than that of which the venue is laid, and the defendants in time, as in this case, make a demand for a change of venue in the manner required by law, the right to a change of venue does not depend upon the discretion of the court, but is an absolute right of the defendants. The defendants having in time duly demanded the change of venue in this case and they having an absolute right to such change, there was nothing for the court to do but to make the order granting the change of venue. It could exercise no discretion in the matter.

It is entirely unnecessary to discuss any other feature of this case. The court did not have jurisdiction to enter the judgment, and it should make an order vacating its judgment and make an order changing the place of trial to the proper county. It is so ordered. The order appealed from is reversed; the case is remanded for further proceedings not inconsistent with this opinion. Appellant is entitled to statutory costs.