## STATE OF NORTH DAKOTA, Appellant, v. JOHN H. BLOOM, Geo. M. Hogue, and Lee C. Pettibone, Respondents.

### (190 N. W. 812.)

**Appeal and error — order granting change of venue not reversible as requiring performance of idle acts.**

Where defendants have made an application to the court direct for a change of venue, based upon their residence in other counties, and have secured an ex parte order for the transfer of the. cause to a county of defendants' residence, and, where notice thereof was served upon the plaintiff, all within the time prescribed by § 7418, Comp. Laws, 1913, and, where thereafter, plaintiff, upon a motion to vacate such order, makes no showing of merits that the defendants are not entitled, as a matter of right, to such change, or that the order would or should have been otherwise, if made after notice and hearing, it is held, that the order of the trial court should not be reversed for the reason that it requires the performance of idle acts.

### Opinion filed November 22, 1922.

Appeal and Error, 4 C. J. § 2924 p. 948 n. 40 New.

Motion in District Court, Cass County, *Cole,* J., to vacate an ex parte order granting a change of venue.

Plaintiff has appealed from an order refusing to vacate the same. Affirmed.

*Sveinbjorn Johnson,* Attorney General, and *George F. Shafer,* Assistant Attorney General, for appellant.

*William Lemke,* for respondent.

In the case at bar when the statute says "or by order of the court," it would seem that it means that if statutory grounds come into view of the court, it has the power by its own order to change the venue.

The following cases have a considerable bearing on the proper interpretation to be given to our statute: State v. Superior Ct. (Wash.) 82 Pac. 875, 111 Am. St. Rep. 915; Buck v. City of Eureka (Cal.) 31 Pac. 845; Packwood v. State (Or.) 33 Pac. 674; Shattuck v. Myers (Ind.) 74 Am. Dec. 236; Theresa Village Mut. Fire Ins. Co. v. Wis.

---

Note.—On right to change of venue on the ground of convenience of witness; and that an impartial trial cannot be had on account of prejudice, see note in 74 Am. Dec. 241.

On grounds for change of venue generally see 27 R. C. L. 812, et seq.; 3 R. C. L. Supp. 1521; 4 R. C. L. Supp. 1767.

Cent. R. Co. (Wis.) 128 N. W. 103; Stockwell v. Township Board of White Lake, 22 Mich. 349; Stringer v. Jacobs (Ark.) 50 Am. Dec. 221; State v. District Ct. (Minn.) 95 N. W. 591; Watterson v. Kirkwood, 17 Kan. 9; Hyde v. Harkness, 1 Idaho, 601; Ward v. Moorey, 1 Wash. Terr. 104; Godbe v. McCormick, 1 Mont. 105; Spell v. Dodge, 57 Cal. 645.

## Statement.

BRONSON, J. The state appeals from an order refusing to vacate an order granting a change of venue. On June 20th, 1922, the state commenced this action to set aside and cancel a purchase and deed of 1,360 acres of land in Kidder county upon grounds of fraud and conspiracy and to recover from defendants $13,600, the purchase price thereof. On July 17th, 1922, defendants made an application to the district court in the county where the action was instituted to change the place of trial from Cass county to Kidder county. The grounds of the application were that none of the defendants were residents of Cass county; that two of them had resided in Kidder county for over five years last past; that the land involved is situated in Kidder county; that nearly all of the necessary witnesses reside in Kidder county. Accompanying the application was an affidavit that the defendant Bloom for over ten years last past was a resident of Ramsey county; that the other defendants for more than five years last past have been, and are, residents of Kidder county. On the same date the trial judge ordered that the place of trial be changed from Cass county to Kidder county, the defendant Bloom being a resident of Ramsey county and the other defendants residents of Kidder county. The court ordered a copy of the application, affidavit, and order to be mailed to the Attorney General of the state. On August 8th, 1922, the State served notice of motion to vacate such order of transfer. The grounds of the motion and affidavit were that no demand had ever been made or served upon the plaintiff and that no notice of the application had been served upon the plaintiff prior to the obtaining and making of the order dated July 17th, 1922; that the state had no opportunity to be heard or to appear in resistance thereto. On July 24th, 1922, the clerk of the district court in Cass county transferred the papers in the cause to Kidder county.

49 N. D.—15.

On August 28th, 1922, the district court in Cass county denied plaintiff's motion to vacate. The state has appealed from the order of the court so denying its motion to vacate. By stipulation all the papers in the cause, both from Kidder county and Cass county, have been settled and certified to this court. The state contends that the ex parte order of July 17th, 1922, was invalid, for the reasons that defendants had never made any demand in writing for a change of venue in accordance with § 7418 Comp. Laws, 1913, and that it was made without notice to, or any opportunity of, the State to appear and contest the application.

## Opinion.

Section 7417, Comp. Laws, 1913, provides, among other things, that this action shall be tried in the county in which the defendants, or some of the defendants, reside at the time of its commencement.

Section 7418, Comp. Laws, 1913, provides as follows:

Defendant Must Ask Change.—If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant, before the time for answering expires, demands in writing that the trial be had in the proper county and the place of trial be thereupon changed by consent of the parties, or by order of the court as provided in this section. The court may change the place of trial in the following cases:

(1) When the county designated for that purpose in the complaint is not the proper county.

(2) When there is reason to believe that an impartial trial can not be had therein.

(3) When the convenience of witnesses and the ends of justice would be promoted by the change.

Defendants' application to the court was a demand in writing. This application, together with the affidavit and order of the court, were presumably received by, and served upon, the plaintiff on or about July 17th, 1922. The record does not disclose when the answer was served. From the record, however, it does appear that these defendants made

their demand in writing and their application to the court and, that notice thereof was served upon plaintiff, before the time for answering expired.

This court has heretofore held that, when a demand for a change of venue based upon the residence of defendants in another county, has been made within the time required by law, the right to a change is absolute and not subject to the court's discretion. Hinsey v. Alcox, 38 N. D. 52, 56, 164 N. W. 296; Fargo Silo Co. v. Pioneer Stock Co. 42 N. D. 48, 171 N. W. 849; See note in 74 Am. Dec. 236; 40 Cyc. 155. The court, in certain cases, might even excuse the failure of defendants to demand a change of the place of trial within the time prescribed. Price v. Willson, 41 N. D. 209, 171 N. W. 245. After the defendants had complied with the statutory requisites it was only necessary, in any event, for defendants to move the court for a hearing and to give plaintiff an opportunity to controvert the question of residence. This hearing could be held after the time for answering had expired. Hinsey v. Alcox, supra. In our opinion it was erroneous for the trial court to grant a hearing of defendants' application without notice to the plaintiff. But upon the motion to vacate the order of the court, plaintiff did not controvert, in any manner, the residence of defendants as claimed in the application and affidavit for a change of venue. Upon such motion to vacate, where an opportunity was afforded to make a showing of merits, no showing was made that the order of transfer would or should have been otherwise, if made after notice and hearing to plaintiff. Upon this record, therefore, it appears that the right of the defendants to a change of venue is absolute; that the ex parte order made by the trial court is such as it would be compelled to make upon any hearing subsequently held after notice to plaintiff. Accordingly, in the absence of a showing of merits, the reversal of the order would require simply the performance of idle acts upon a further hearing. Such idle acts, this court will not require.

The order is affirmed.

BIRDZELL, Ch. J., and ROBINSON, and CHRISTIANSON, JJ., concur.

GRACE, J., not participating.