THOMAS THORSON, Respondent, v. R. L. WEIMER, and FILLMORE EQUITY ELEVATOR CO., Fillmore, N. D., a Corporation, Garnishee, and C. H. WIRTZ, Appellant.

(230 N. W. 596.)

Opinion filed April 24, 1930.

*Harold B. Nelson,* for appellant.
*Clair F. Brickner,* for respondent.

CHRISTIANSON, J. Wirtz, who was interpleaded as a defendant to the garnishee action, appeals from the order of the county court in

Cass county denying his motion for a change of venue from Cass county to Benson county. The material and undisputed facts are as follows: On or about August 31, 1929, the plaintiff brought this action in the county court of Cass county to recover of the defendant Weimer $250.00 upon a promissory note, and $73.50 upon a book account. At the time of the issuance of the summons in the main action, the plaintiff also instituted a garnishment action, naming the Fillmore Equity Elevator Company, of Fillmore, North Dakota, as garnishee. The summons in the main action and the garnishee summons and affidavit for garnishment were served upon the defendant Weimer, in Benson county, in this state, on September 2, 1929, and on that same day the papers in the garnishment action were served upon the garnishee. The defendant Weimer made default both in the main action and in the garnishment suit, and on September 26, 1929, judgment was rendered against him in the main action for the full amount claimed in the complaint. On September 17, 1929, the garnishee, Fillmore Equity Elevator Company, made an affidavit of disclosure, wherein it stated that it had in its possession and under its control 561½ bushels of rye belonging to the defendant Weimer, and to one Wirtz. On October 18, 1929, the plaintiff applied to this court for an order that Wirtz (the person mentioned in the answer of the garnishee as having an interest in the rye held by the garnishee) be interpleaded as a defendant to the garnishee action; and the court, thereupon, entered an order that Wirtz be interpleaded as a defendant in such action. On October 24, 1929, a copy of the application and order for interpleader, together with a notice as prescribed by § 7582, Comp. Laws 1913, were served upon said Wirtz. On November 8, 1929, the said Wirtz served upon plaintiff's counsel a demand for a change of venue. The demand was accompanied by an affidavit showing that Weimer, the defendant in the main action, and Wirtz, the interpleaded defendant in the garnishment action, were residents of Benson county.

It is apparent that the principal ground of the demand for a change of venue was that the only issue remaining in the action was one between the plaintiff and Wirtz, and that Wirtz was a resident of Benson county and hence entitled as a matter of right to a change of venue to that county upon timely demand. But the demand stated that it "is

made on the ground of convenience of witnesses also;" and the affidavit in support thereof stated, "that the witnesses to prove the issues herein are all residing in Benson county, N. D." The demand was that the trial of the action and the issue between Wirtz and the plaintiff be changed "from the county court of Cass county, North Dakota, to the county court of Benson county, North Dakota, a county court with increased jurisdiction; or, if it shall be determined that the said county court of Benson county, North Dakota, is without jurisdiction to hear, try and determine the issues herein between the plaintiff and the said interpleading defendant, then that the place of trial of this action be changed from the county court of Cass county, North Dakota, to the district court of Benson county, North Dakota."

On November 12, 1929, the interpleaded defendant prepared what is denominated an answer and counterclaim wherein he claimed that he had a lien upon the rye held by the elevator company on account of advances which he had made to Weimer under a cropper's contract. Plaintiff's counsel admitted service on such answer and counterclaim on November 18, 1929. Later the plaintiff interposed a reply denying the new matter set forth in Wirtz's answer and counterclaim. Plaintiff's counsel, thereupon, pursuant to notice, moved the said county court of Cass county on December 7, 1929, that the demand, and application of Wirtz, for a change of venue to Benson county be denied. The matter came on to be heard pursuant to such motion.

Upon the hearing, the interpleaded defendant Wirtz submitted an affidavit (in addition to the one served with the demand for a change of venue) stating "that the only issue for determination herein is the issue between the plaintiff and this affiant as an interpleaded defendant and that the said issue relates solely to the claim of this affiant under his answer and counterclaim herein for advancements made to the defendant as affiant's tenant during the year 1929, and to the lien of this affiant upon the crops and property in the hands of the garnishee herein, which said crops and property this affiant has asserted and will maintain are subject to his landlord's lien for such advancements; that said crop was raised on premises situated in Benson county, North Dakota; that the elevator where the said grain is deposited is in Benson county, North Dakota; . . . that affiant made his demand for change of venue herein seasonably . . .; that affiant is a resident of

Benson county and has been such for a great number of years last past; that affiant's place of business is at Knox in said Benson county, North Dakota, and that affiant was served with process herein in the said Benson county, North Dakota." The affidavit concluded with a prayer, not only that plaintiff's motion be denied but "that the place of trial of the above action be changed from the county of Cass in the state of North Dakota, to the county of Benson, in the state of North Dakota, on the ground and for the reason that the county of Benson is the county of the residence of the interpleaded defendant and on further ground that the convenience of all the witnesses will be served by having the said matter tried in Benson county, North Dakota." Wirtz also submitted an affidavit made by the principal defendant Weimer to the effect that there is no issue, either of law or fact, pending between the plaintiff and said defendant Weimer; that no issue has been joined on the disclosure of the Fillmore Equity Elev. Co., garnishee, that said Weimer was a tenant of said Wirtz, and that said Wirtz made advances to him, as stated in the answer and counterclaim. The affidavit further corroborated the statements made by Wirtz as to the location of the premises on which the grain in suit was grown, the residence of Wirtz and Weimer, and that the only issues for trial and determination are issues between the plaintiff and Wirtz. The affidavit further stated that "so far as the affiant knows or is aware all of the witnesses by whom proof of the matters in issue herein will be made are residents of Benson county, North Dakota."

The trial court entered an order denying a change of venue, and directing that the issues in the action be tried in the county court of Cass County. It is from this order that Wirtz has appealed.

As regards an action for the recovery of money only, our laws provide that, "subject to the power of the court to change the place of trial as provided by statute, the action shall be tried in the county in which the defendant or some of the defendants reside at the time of the commencement of the action . . . ." But our laws (Comp. Laws 1913, § 7418) further provide that "if the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county and the place of trial be thereupon changed by consent

of the parties, or by order of the court . . . The court may change the place of trial in the following cases: 1. When the county designated for that purpose in the complaint is not the proper county. 2. When there is reason to believe that an impartial trial cannot be had therein. 3. When the convenience of witnesses and the ends of justice would be promoted by the change." These provisions were embodied in the Code of Civil Procedure of the Territory of Dakota of 1877 and have remained the law in this jurisdiction ever since. Code Civ. Proc. 1877, §§ 92–95. It is upon these provisions that the appellant Wirtz relies. Both parties seem to assume that these provisions are as much applicable to a garnishment action as to the principal action, and the arguments on the part of both appellant and respondent are concerned primarily with whether the appellant has brought himself within, and is entitled to invoke, them. These provisions were enacted long before garnishment actions were known in our jurisprudence, and, as we construe our laws, they are not wholly applicable in garnishment actions. While it is true that under our laws the proceedings against a garnishee are deemed an action (Comp. Laws 1913, § 7581; Park v. Nordale, 41 N. D. 351, 170 N. W. 555), it is equally true that a garnishment action instituted in aid of a pending suit is auxiliary and ancillary to such principal suit (Rood, Garnishment, §§ 2, 326), and is denominated by our statute a provisional remedy. Comp. Laws 1913, § 7487. The very section which provides that "the proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant as parties defendant, and all provisions of law relating to proceedings in civil actions at issue, . . . shall be applicable thereto," further provides that "when the garnishment is not in aid of an execution, no trial shall be had of the garnishee action, until the plaintiff shall have judgment in the principal action, but the garnishment action may be noticed for trial at the same term if issue therein is joined in time; and if the defendant has judgment, the garnishee action shall be dismissed with costs." Comp. Laws 1913, § 7581. Here we have a clear recognition of the ancillary character of the garnishment action; that the purpose of garnishment in aid of a pending suit is to "subject the property owned by, or debts due to, a defendant in an action, to the payment of the judgment obtained therein." Hatcher v. Plumley, 38 N. D. 147, 153, 164 N. W. 698.

See also War Finance Corp. v. Byrum, 49 S. D. 208, 206 N. W. 1006. Another section of our garnishment law provides that "the plaintiff . . . may summon garnishees resident in other counties than that in which the action is pending; but if an issue for trial shall be joined between the plaintiff and such garnishee the court may, on motion, change the place of trial of such issue to the county of the garnishee's residence." Comp. Laws 1913, § 7572. These statutory provisions clearly evidence a legislative intention that a garnishment action when instituted in aid of a pending suit must be instituted in the county in which the main action is pending. In other words, that the proper county in which to institute and try a garnishment action, subject to the power of the court to change the place of trial, is the county in which the main action is instituted and tried. This is merely a logical result of the relationship of the garnishment action to the principal action (War Finance Corp. v. Byrum, 49 S. D. 208, 206 N. W. 1006), and is in harmony with the prevailing rule in other jurisdictions. Rood, Garnishment, §§ 2, 326; Fargo v. Schraudenbach, 40 S. D. 428, 167 N. W. 492; War Finance Corp. v. Byrum, 49 S. D. 208, 206 N. W. 1005; Miller v. Mason, 51 Iowa, 239, 1 N. W. 483; Kelly v. Ryan, 8 Wash. 536, 36 Pac. 478.

It will be noted that if the county in which a civil action has been instituted is not the proper county, the defendant, on timely demand, has an absolute right to have the place of trial changed to the proper county. Comp. Laws 1913, §§ 7415–7418; Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452; Ivanusch v. Great Northern R. Co. 26 S. D. 158, 128 N. W. 333. But in order to avail himself of this right "the defendant, before the time for answering expires" must demand "in writing that the trial be had in the proper county." Comp. Laws 1913, § 7418. If the defendant fails to demand a change of venue before answering (McCarty v. Thornton, 38 N. D. 551, 165 N. W. 499) or before the time for answering expires, the statutory right to a change of venue to the county of defendant's residence is waived. Kiley v. Meckler, 57 N. D. 217, 220 N. W. 926. The only ground on which a defendant in a civil action is entitled to demand and obtain a change of place of trial as a matter of absolute right is, that the county in which the action has been instituted is not the proper county; and it is only when a change of place of trial is sought on this ground that

the defendant is required to demand in writing, "before the time for answering expires," that the place of trial be changed to the proper county. When a defendant seeks to procure a change of place of trial on some other ground he is not necessarily required to serve a demand before answering, and the application for a change of place of trial cannot ordinarily be presented until after issue has been joined. McConnon & Co. v. Sletten, 55 N. D. 388, 213 N. W. 483. In case an application for a change of venue is made on some ground other than that the county in which the action has been instituted is not the proper one, the defendant is not entitled to a change of place of trial as a matter of right but has the burden of showing the existence of a state of facts justifying or requiring that the application be granted. Kiley v. Meckler, 57 N. D. 217, 220 N. W. 926, supra. The garnishment laws specifically provide that in a garnishment proceeding "all provisions of law relating to proceedings in civil actions *at issue* . . . shall be applicable thereto." Comp. Laws 1913, § 7581. Under this section therefore the provisions of law relating to a change of venue in civil actions upon grounds, other than the one that the county in which the action has been instituted is not the proper county, are made applicable to garnishment actions. If there had been no provision permitting or authorizing a change of place of trial of a garnishment action to the county of the residence of the garnishee, section 7581, supra, would have been tantamount to a legislative declaration that a change of place of trial could not be ordered merely on the ground that the county in which the action was pending was other than that of the garnishee's residence. But, as said, the legislature, in another section of the same statute (§ 7572) expressly provided that where a garnishee is a resident of a county other than that in which the action is pending and "if an issue for trial shall be joined between the plaintiff and such garnishee the court may, on motion, change the place of trial of such issue to the county of the garnishee's residence." Comp. Laws 1913, § 7572.

Here there is a specific legislative declaration that in a garnishment action, where an issue has been joined between the plaintiff and a garnishee, such garnishee may apply to the court for a change of place of trial of such issue to the county of the residence of the garnishee. The right thus granted to a garnishee, to ask for and obtain a change of

venue, of course imposes upon the court to whom the application is made the duty, not only to hear, but to grant the application where an adequate showing is made. The only question that can or does arise is whether § 7572, supra, entitles the garnishee in a case within its terms, upon proper application, to a change of place of trial to the county of the residence of the garnishee as a matter of right or as a matter of judicial discretion. The statute says that the court *"may,"* on motion, change the place of trial of an issue between the plaintiff and a garnishee to the county of the garnishee's residence. In short, the statute is couched in words of permission, and according to the strict literal signification of the words thereof the court would have some discretion in determining whether a motion for a change of venue should or should not be granted. But, the word "may" in statutes, like the one under consideration here, is frequently used in an imperative rather than in a permissive sense, and is construed as synonymous in meaning with, "shall" or "must." 2 Lewis's Sutherland, Stat. Constr. 2d ed. pp. 1145, et seq.; 5 Words & Phrases, 1st Series, pp. 4418–4447; 3 Words & Phrases, 2d Series, pp. 333–348; 5 Words & Phrases, 3d Series, pp. 40–59. No good purpose would be subserved by reviewing the decisions, either in this jurisdiction or elsewhere, dealing with the question when the word "may" must be construed as mandatory rather than permissive. It is sufficient to say that this question, like every other question of statutory construction, resolves itself to one of ascertaining and giving effect to the true intent and object of the legislature in enacting the statute. 2 Lewis's Sutherland, Stat. Constr. 2d ed. p. 1146. In this case it becomes unnecessary to determine whether the legislature in § 7572, supra, used the word "may" in a permissive or in a mandatory sense, for it is clear that the purpose of the section was to entitle a garnishee to apply to the court for a change of place of trial to the county of his residence of an issue which had been joined between such garnishee and the plaintiff. If the word "may" is used in a mandatory sense then, of course, a garnishee, in a case which falls within the terms of the statute, who applies for a change of place of trial thereunder, is entitled to such change as a matter of absolute right. If the word is used in a permissive sense, then the court to which the application is presented is vested with judicial discretion and must determine not only whether

the applicant has shown a right to invoke the statute, but, also, whether he has further shown that the interests of justice would be subserved if the application was granted. We are agreed that in this case the interpleaded defendant, Wirtz, has shown that he is entitled to a change of place of trial, whether the statute be construed as mandatory or as permissive.

Here there is no issue between the plaintiff and the principal defendant. The only issue remaining for determination is one between the plaintiff and the interpleaded defendant in the garnishment action. This is not a case where a garnishee defends on some ground beneficial only to the defendant in the principal action. The issues involved here concern rights in specific property, claimed by the interpleaded defendant in his own behalf, adverse to that of the plaintiff. There can be no claim that the application for a change of place of trial was not seasonably made. The defendant was not required to make a formal demand as a condition precedent to a motion for a change of venue, yet he made such demand even before he could make an application for a change of venue. Upon the hearing of plaintiff's motion that a change of venue be denied and that the court order that a trial of the issues be had in the county court of Cass county the interpleaded defendant made a showing in support of, and in effect submitted a countermotion asking for, a change of place of trial. Upon the record presented to the trial court and this court it is undisputed that the garnishee and principal defendant were and are residents of, and that the property in dispute is situated within the county to which the garnishee asks that a change of venue be ordered. The county seat of that county is situated approximately two hundred miles from the county seat of the county in which the action is pending, according to the usual routes of travel. If a judgment is eventually rendered in favor of the plaintiff, that judgment must be satisfied out of property situated in the county to which a change of venue is sought. It has been said that the reasons for keeping the garnishment action and the main action together are lessened after the main action is in judgment. Rood, Garnishment, § 327. Under the facts in this case it would appear that little, if any, reason remains for keeping them together. It is difficult to conceive of any case wherein a much stronger showing can be made in support of an application for a change of place of trial

466

under § 7572, supra, than that which was made in this case. Hence, we are agreed that whether § 7572, supra, entitles a garnishee to a change of place of trial as a matter of right or as a matter of judicial discretion the interpleaded defendant Wirtz has shown himself entitled thereto. It follows therefore that the order appealed from must be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

BURKE, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.