ROSE CLARK and I. D. Clark, Respondents, v. C. J. CLEVELAND and Ebb Cleveland, Doing Business as C. J. Cleveland and Son, Appellants.

(235 N. W. 342.)

Opinion filed February 18, 1931.

*A. L. Garnes* and *Hyland & Foster,* for appellants.
*Aloys Wartner,* for respondents.

BIRDZELL, J. This is an appeal from an order in the county court of Wells county denying the defendants' motion for a change of venue. The plaintiff brought action against the defendants for rent due and unpaid under a lease prior to the abandonment of the premises and for additional rents to accrue in the future but which are automatically matured upon the violation of the lease as alleged in the complaint. The summons was served on both defendants in Wilton, McLean county, on the 12th day of June, 1930. The defendants later moved for a change of place of trial to McLean county supporting the motion by affidavits. The affidavits showed that the defendants were residents of McLean county at the time of the service of summons upon them.

The motion was resisted by the plaintiff who likewise submitted affidavits which did not take issue with the statements in the defendants' affidavits as to their place of residence at the time of the service, but merely showing that the convenience of witnesses might be subserved by a trial in the county of Wells and at least tacitly admitting that while the defendants had been residents of Harvey in Wells county they no longer resided there and had not resided there later than June 5th.

Upon this showing it was clearly error to deny the defendants' motion for change of place of trial. In an action of this character the defendant has an absolute right to change to the county of his residence if he seasonably makes demand therefor. Comp. Laws 1913, §§ 7417 and 7418; Hinsey v. Alcox, 38 N. D. 52, 164 N. W. 296; Fargo Silo Co. v. Pioneer Stock Co. 42 N. D. 48, 171 N. W. 849; State v. Bloom, 49 N. D. 224, 190 N. W. 812; Thorson v. Weimer, 59 N. D. 457, 230 N. W. 596, 599.

The right being absolute the order denying the motion cannot be supported on the ground that trial in Wells county will subserve the convenience of witnesses. The proper practice in such case is to make a motion in the court in which the defendants have the right to have the case heard. When such a motion is there made it invokes the discretion of the court to transfer the case to some other county on the grounds of prejudice or to subserve the convenience of witnesses and promote the ends of justice. Veeder v. Baker, 83 N. Y. 156; Ivanusch v. Great Northern R. Co. 26 S. D. 158, 128 N. W. 336; McSherry v. Pennsylvania Consol. Gold-Min. Co. 97 Cal. 637, 32 Pac. 711.

The order appealed from must be reversed. It is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.