[File No. 6830]

M. RUCHVERG, Respondent, v. H. S. RUSSELL, L. V. Borner and Max Borner, Appellants.

(3 NW (2d) 459, 139 ALR 1474)

Opinion filed April 24, 1942

*Floyd B. Sperry,* for appellants.
*Emanuel Sgutt,* for respondent.

CHRISTIANSON, J.  The defendants appeal from an order denying their motion for a change of venue from Cass county to Mercer county. The material facts are as follows:  On September 5th, 1941, the plaintiff brought this action in the county court of Cass county to recover damages in the sum of $500.  Plaintiff also instituted a garnishment action in the county court of Cass county, in which Armour & Co., a corporation, was named as garnishee.  The summons in the main action was served upon all the defendants in Mercer county, in this state, on September 8th, 1941.  The record does not disclose whether the defendants were served with the papers in the garnishment action. On September 12th, 1941, the garnishee served upon plaintiff's counsel an affidavit denying any liability to any of the defendants, but admitting that it had in its possession a check dated September 1st, 1941, payable to L. V. Russell, Mrs. Ella Borner and Security Credit Corporation for $1,050.73 the net proceeds from the sale of cattle.  On September 17th, 1941, the plaintiff served upon the attorneys for the garnishee notice of election to take issue on the affidavit denying lia-

bility. On September 16th, 1941, the defendant served upon plaintiff's attorney a demand for a change of place of trial. The demand was verified positively by all three defendants, and stated, "that they are the above named defendants, and all of them, and that said action has been brought for money damages against them, and that at the time of the service of the said summons and complaint, said parties were living and residing in Mercer county, North Dakota; that said parties at the commencement of said action, at the time hereof, were, and are, residents of Mercer county, North Dakota." At the time of such demand for a change of venue, defendants' attorney requested that plaintiff's attorney stipulate that the place of trial be changed as demanded. The demand and the request were both denied. Plaintiff's attorney's address as stated on the summons (Comp. Laws 1913, § 7421), is Fargo, North Dakota. Defendants' attorney's office address is Golden Valley, North Dakota. On September 27th, 1941, defendants' attorney served upon plaintiff's attorney a duly verified answer, by mail. This answer was sent by registered mail. Thereafter, the court upon the application of defendants' attorney issued an order to show cause, directing the plaintiff to show cause why the place of trial of the action should not be changed in accordance with defendants' demand. The attorneys of record for both the plaintiff and the defendants appeared at the hearing. It then appeared that plaintiff's attorney, on September 30th, 1941, had applied for judgment by default, and that such judgment had been rendered and entered. The trial court thereupon entered an order vacating the default judgment. In such order the court recited that the defendants duly served a demand for a change of venue on September 16th, 1941, "as shown by the admission of service by the plaintiff's attorney;" and that the defendants "thereafter served a joint answer 'upon the plaintiff's attorney, such service being by mail, and said answer having been so served by mail at Golden Valley, North Dakota, on the 27th day of September, 1941, as shown by the affidavit thereof, and the registry receipt attached thereto, . . . and said answer having been actually received by the plaintiff's attorney on the 30th day of September, 1941, said plaintiff's attorney having, on the said 30th day of September, 1941, applied to the court for a judgment against said defendants, by default, without notice to the defendants, or

their attorney, of any kind, and the court having executed an order for said judgment, and judgment having been entered thereon, in favor of the plaintiff, and against the defendants, on the said 30th day of September, 1941, . . . and the court having heard the arguments of counsel, and having examined the record in said action, . . . it is . . . hereby ordered and adjudged that the order for judgment and judgment herein . . . are hereby in all things, re-opened, vacated, set aside, and stricken from the records of said court."

Subsequent to the making and entry of such order, the court made and entered an order denying the application for a change of venue. It is from such order that the appeal before us was taken.

Our laws provide that, "subject to the power of the court to change the place of trial as provided by statute," an action for the recovery of money only, "shall be tried in the county in which the defendant or some of the defendants reside at the time of the commencement of the action" (Comp. Laws 1913, § 7417) ; but that "if the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county and the place of trial be thereupon changed by consent of the parties, or by order of the court" as provided for in the statute. Comp. Laws 1913, §§ 7418, 8954.

Where the county designated in the complaint is not the proper county, the defendant upon proper and timely demand is entitled to a change of place of trial as a matter of absolute right. Hinsey v. Alcox, 38 ND 52, 164 NW 296; Fargo Silo Co. v. Pioneer Stock Co. 42 ND 48, 171 NW 849; State v. Bloom, 49 ND 224, 190 NW 812; Thorson v. Weimer, 59 ND 457, 462, 230 NW 596, 599; Clark v. Cleveland, 60 ND 460, 235 NW 342; 67 CJ pp. 149, 150. See also Burg v. Farmers' Mut. Fire & Lightning Ins. Co. 59 ND 407, 230 NW 214; Huber v. Wanner, 62 ND 303, 243 NW 661. Where the defendant has preserved his right by proper and timely demand, he does not waive it by interposing an answer. Hinsey v. Alcox, 38 ND 52, 164 NW 296; State v. Bloom, 49 ND 224, 190 NW 812.

In this case it is undisputed that the defendants made proper and timely demand. But, respondent contends that the order should be

affirmed notwithstanding such demand, because: (1) "The defendants made no showing as to their residence sufficient to justify a reversal . . . of the order of the trial court;" (2) "The defendants made no motion for change of venue until after entry of judgment and by this delay lost the privilege of obtaining a change of venue as a matter of right," and that the matter became one of discretion; and, (3) "that this is a garnishment action with a definite, and perhaps the main, issue triable between the plaintiff and the garnishee. That under these facts the defendants are not entitled to a change of venue as a matter of right." These contentions are devoid of merit.

The demand for a change of place of trial served upon plaintiff's counsel stated definitely and positively that all the defendants were and are residents of Mercer county. This was sworn to by all three defendants. These statements were in no manner contradicted, but were rather corroborated. There is attached to the summons and complaint the return of the sheriff of Mercer county showing that he served such papers upon all three defendants within Mercer county. As to the defendant, Max Borner, the return of the sheriff states that service was made "by leaving a copy of said summons & complaint at his dwelling house in the presence of L. V. Borner, who was at time of said service, a member of said defendant's family, and over the age of fourteen years; and . . . that at the time of such service said defendant was not at his dwelling house or place of residence."

Obviously, the default judgment could not and did not operate to deprive defendants of the right to a change of venue. The defendants did not default. They appeared and demanded a change of place of trial. Where the defendant has made appearance in an action, judgment by default may not be taken without notice. Comp. Laws 1913, § 7600. In this case, the defendants not only made appearance, and by written demand preserved the right to apply to the court for an order to change the place of trial, but they served an answer. The defendants were entitled as a matter of right to have the judgment set aside and to have the action restored to the status it had before such judgment was rendered. Fargo Silo Co. v. Pioneer Stock Co. 42 ND 48, 171 NW 849.

The right of a defendant to have a suit that is brought against him tried in the county of his or his codefendant's residence, is "a valuable

one, and he cannot be deprived thereof unless he waives it; or the court upon sufficient showing and notice orders a trial to be had in some other county. Supra, § 7418." Huber v. Wanner, 62 ND 303, 311, 243 NW 661, 664; Rumely Products Co. v. Stakke, 36 SD 330, 154 NW 828. It should not be assumed that the legislature intended to impair that right unless it has manifested its intention to do so plainly and unequivocally. The legislature of this state has manifested no such intention.

The provisions of our Code of Civil Procedure relating to the place of trial, and the change of the place of trial, of civil actions were embodied in the Code of Civil Procedure of the Territory of Dakota of 1877, and have remained the law in this jurisdiction ever since. Code Civ. Proc. 1877, §§ 92–95. The statute providing for garnishment actions was enacted in 1895. Laws 1895, chap. 65. Prior to that time our laws made no provision for such actions. There is nothing in the statute providing for garnishment actions that either expressly or by implication makes any change in the statutes relating to the change of place of trial of a civil action. There is nothing in such statute that provides that any different rule shall prevail or any different procedure be adopted in a case where a garnishment action has been brought than in a case where a garnishment action has not been brought. As the garnishment action is ancillary to the main action, it naturally follows that the garnishment action should be brought in the county in which the main action is brought, and our laws so provide. Thorson v. Weimer, 59 ND 457, 462, 230 NW 596, 598, 599. But our laws recognize that at times the ends of justice may require that the place of trial of an issue between the plaintiff and the garnishee should be changed to some county other than the one in which the action is brought.

Section 7568, Comp. Laws 1913, provides: "Any number of garnishees may be embraced in the same affidavit, but if a joint liability is claimed against any, it shall be so stated, and the garnishee named as jointly liable shall be deemed jointly proceeded against; otherwise the several garnishees shall be deemed severally proceeded against."

Section 7572, Comp. Laws 1913, provides: "The plaintiff . . . may summon garnishees resident in other counties than that in which

the action is pending; but if an issue for trial shall be joined between the plaintiff and such garnishee, the court may on motion change the place of trial of such issue to the county of the garnishee's residence." See also §§ 8952, 8953, Comp. Laws 1913.

Clearly these provisions do not evidence any intention to make the right of a defendant to a change of venue to "the proper county" dependent upon any issue that may be involved in an ancillary garnishment action, or dependent upon the residence of a garnishee named in such action. The right of a defendant to a change of venue of the main action to "the proper county" is is no manner affected by a garnishment action that was brought contemporaneously with the main action.

The order appealed from is reversed and the cause is remanded with directions that the trial court enter an order that the venue of said action be changed to the district court of Mercer county.

BURR, Ch. J., and MORRIS, BURKE, and NUESSLE, JJ., concur.