MR. JUSTICE KELLEY
delivered the opinion of the Court.
This is an original proceeding seeking to invoke our jurisdiction under Colo. Const. Art. VI, Sec. 3 and C.A.R. 21(a). The petitioner seeks a writ in the nature of mandamus to compel the respondents, the District Court of Gunnison County, and the Honorable Fred Calhoun, a judge of that court, to vacate a March 18, 1974, order of the court denying the petitioner’s motion for a change of venue. We issued a rule to show cause why the requested relief should not be granted. The respondents have answered and the matter is at issue. We now make the rule absolute.
A divorce decree was entered in Gunnison County District Court on January 19, 1972, dissolving the marriage between Bonnie Bacher, plaintiff in the divorce proceedings and respondent here, and Aulden Odean Bacher, the defendant in the divorce proceedings and the petitioner here. The respondent was given custody of four of the couple’s five children. The court also ordered the petitioner to make monthly support payments.
On January 11, 1974, the petitioner filed a motion in Gunnison County District Court seeking a reduction of support payments on the ground of change in circumstances and simultaneously moved the Gunnison County District Court for a change of venue to Otero County District Court. C.R.C.P. 98(f). The court denied the motion for change of venue.
It appears that petitioner is employed at Manzanola, Otero County; that the respondent has remarried and for a period of five months had been living in Rocky Ford, Otero County, with her present husband, G. W. Whittaker, and her children; that Manzanola and Rocky Ford are approximately 200 miles from Gunnison; that the oldest son, Jeff, who had been attending college in Texas, has transferred to Junior College in Otero County and will be married in August, 1974; that the principal witnesses in the hearing on the motion for reduction of support will be the parties themselves; that the petitioner intends to call as witnesses the children living with *317 the respondent, deeming their testimony material as to the change in circumstances which has occurred since respondent’s remarriage, which change is the principal factor to be considered in a modification of support proceeding; that the testimony of daughter Connie (age 18) will also be material on the issue of her emancipation, as will that of son Jeff (age 20) on the same issue; also, petitioner intends to call other witnesses to testify as to the change in circumstances of both parties to this action, which testimony will be the result of personal observation and knowledge; that all of the above named witnesses, identified and unidentified, reside in Otero County.
 It appears that as of the time of the motions, two of the children residing with the respondent mother were ten and eleven years of age. We note that under 1971 Perm. Supp., C.R.S. 1963, 46-1-16, the court may, in a support proceeding, upon the motion of either party, or on its own motion, appoint an attorney to represent the interests of the minor children. If the court, in the exercise of its discretion, appointed an attorney to represent these minor children, it is obvious that in terms of client access and the mitigation of expenses, any attorney so appointed should be practicing in Otero County.
In the hearing on the petitioner’s motion for a change of venue, held on March 18, 1974, the petitioner contended that, due to the relocation of the parties, venue should be transferred to Otero County in accordance with C.R.C.P. 98(f). Rule 98(f)(2) provides:
“The court may, on good cause shown, change the place of trial . . . when the convenience of witnesses and the ends of justice would be promoted by the change.”
The rationale for the trial court’s ruling appears in this observation which occurred in the process of considering the motion:
“In this case, a complaint was filed; they accepted service; jurisdiction and venue fell in Gunnison County; the trial was held in Gunnison County; and venue has attached until the case is over.”
The court also stated:
*318 “I don’t think the rules [C.R.C.P. 98(c), (e)(1), and (f)] • • • [cited by the petitioner] apply in a divorce case after the decree has been entered or after the answer has been filed.”
The rules of civil procedure apply to a divorce action, unless a contrary rule appears in the divorce statutes. C.R.C.P. 81(b). Respondents have not directed our attention to nor have we discovered any specific venue statute which would override the rules of civil procedure. On the contrary, the sole provision in the divorce statutes relating to venue refers directly to the rules of civil procedure. C.R.S. 1963, 46-1-3(2) provides that “[t]he venue of the [divorce] action shall be as provided by the rules of civil procedure.” People ex rel. Stanko v. County Court, 110 Colo. 428, 135 P.2d 232 (1943); People ex rel. Martin v. County Court, 72 Colo. 374, 211 P. 102 (1922) (ruling upon C.C.P. 29).
We hold that a motion for change of venue for the convenience of the witnesses under C.R.C.P. 98(f)(2) is proper in a divorce proceeding. We fully recognize that such a motion is addressed to the sound discretion of the trial court. People ex rel. Plunkett v. District Court, 127 Colo. 483, 258 P.2d 483 (1953); Enyart v. Orr, 78 Colo. 6, 238 P. 29 (1925); DeWein v. Osborn, 12 Colo. 407, 21 P. 189 (1888). Therefore, the trial court shoúld have considered the petitioner’s motion on its merits. Absent a clear showing of abuse, the trial court’s ruling would not have been disturbed upon review. Liber v. Flor, 160 Colo. 7, 415 P.2d 332 (1966); Reyher v. Mayne, 90 Colo. 586, 10 P.2d 1109 (1932); Doll v. Stewart, 30 Colo. 320, 70 P. 326 (1902); Power v. People, 17 Colo. 178, 28 P. 1121 (1892).
In the present situation the trial court should have exercised its judicial discretion and determined whether a change of venue would have served the convenience of the witnesses and promoted the ends of justice. The court was mistaken in ruling that it was without the power to change venue at this stage of the proceeding.
Our state judicial system is designed for the efficacious administration of justice. The district courts of this state have state-wide jurisdiction. Colo. Const. Art. VI, *319 Sec. 9, Fletcher and Gerelds v. Stowell, 17 Colo. 94, 28 P. 326 (1891). Both district and county court judges, active and retired, are subject to temporary assignment by the Chief Justice from one county or district to another in order to expedite the business of the courts. Colo. Const. Art. VI, Sec. 5. To the greatest extent possible, consistent with specific venue provisions and the prompt disposition of judicial business, courts should attempt to accommodate the litigants and their witnesses. This accommodation extends to the place of trial. C.R.C.P. 98.
Our disposition of the case at hand is in this vein of judicial administration. Where, as here, there is no disagreement as to the material facts and it is clear that the convenience of the parties and witnesses and the ends of justice would be promoted by the change, it fosters judicial economy for this court to decide the issue rather than remand the matter for further consideration by the trial court, since any other result would amount to an abuse of discretion. See Gross v. Appelgren, 171 Colo. 7, 467 P.2d 789 (1970); Klutts v. Parker, 158 Colo. 594, 409 P.2d 275 (1965).
The rule is made absolute and the court is directed to transfer the case to the District Court of Otero County for further proceedings.
MR. JUSTICE HODGES and MR. JUSTICE GROVES concur in part and dissent in part.
MR. JUSTICE LEE dissents.
MR. JUSTICE ERICKSON does not participate.