AMERICAN STATE BANK OF DICKINSON and the Bank of North Dakota, Plaintiffs-Appellees,

v.

Francis HOFFELT, Defendant-Appellant.

No. 9149.

Supreme Court of North Dakota.

Dec. 17, 1975.

McIntee & Whisenand, Williston, for defendant and appellant; argued by Frederick E. Whisenand, Jr., Williston.

Vogel, Vogel, Brantner & Kelly, Fargo, for plaintiffs and appellees; argued by M. Daniel Vogel, Fargo.

PAULSON, Judge.

This is an appeal from an order of the District Court of Stark County denying the defendant's motion for a change of venue. The American State Bank of Dickinson and the Bank of North Dakota, plaintiffs [hereinafter "the banks"], brought action against the defendant, Francis Hoffelt [hereinafter Mr. Hoffelt], on the basis of a contract of guaranty allegedly signed by Mr. Hoffelt. Separate actions were commenced against several other defendants, who also allegedly signed the same contract of guaranty.

The Environmental Development Corporation of North Dakota [hereinafter ENDECO, INC.], the principal debtor, had previously executed a promissory note to the two banks and it is alleged that said corporation has defaulted, is insolvent, and is unable to pay its debts. Thus, payment has been demanded of Hoffelt and other guarantors.

The two banks instituted legal action against Mr. Hoffelt on November 20, 1973, by service of a summons and complaint. Mr. Hoffelt, on or about November 27, 1973, served upon the banks' attorneys his demand for change of venue, in which he demanded that the place of trial in such action be changed from Stark County to the County of Williams because Mr. Hoffelt was at all times and still is a resident of Williams County. The demand, together with a stipulation for change of place of trial, was forwarded to the attorneys for the banks for their signatures. They refused to execute the stipulation and suggested in a letter dated March 24, 1974, that the attorneys for Mr. Hoffelt prepare and serve the necessary motion papers for change of place of trial, and, in addition, filed a return to such anticipated motion. Under date of April 5, 1974, Mr. Hoffelt's attorneys served and filed the requisite motion papers for change of place of trial.

Mr. Hoffelt's affidavit showed that he was, at the time of the service of the summons and complaint, and still is, a resident of Williams County. Section 28–04–05, N.D.C.C. The banks' affidavit of resistance admitted Hoffelt's residence as being in Williams County but, in addition, indicated that the convenience of witnesses and the ends of justice would be promoted by the case being venued in Stark County; that Hoffelt and the other defendants were officers and directors of ENDECO, INC., which is bankrupt; and that the main office and the plant of ENDECO, INC., is located at Dickinson, North Dakota, and, accordingly, that § 28–04–07, N.D.C.C., is controlling. The parties, through their attorneys, agreed that the court render its decision on the pleadings without arguments or briefs. The district court, under date of May 30, 1975, issued the following order:

"ORDER

"The motion for change of venue filed on behalf of Defendant Francis Hoffelt transferring the case from Stark County, Sixth Judicial District, to Williams County, Fifth Judicial District, has been fully considered by the Court and said motion is hereby denied, it being clear that the transactions involved occurred at Dickinson, North Dakota, at the home office of the corporation also in Dickinson, North Dakota, and for the conveniences of the witnesses and to serve the ends of justice, the trial should be held in Dickinson, North Dakota. It is hereby further ordered that all seven cases should be consolidated for trial."

The pertinent statutes which are involved in this case are §§ 28–04–05 and 28–04–07, N.D.C.C.:

"28–04–05. *Actions having venue where defendant resides.*—In all other cases, except as provided in section 28–04–03.1, and subject to the power of the court to change the place of trial as provided by statute, the action shall be tried in the county in which the defendant or

one of the defendants resides at the time of the commencement of the action. If such county is attached to another county for judicial purposes, the action shall be tried in the latter county. If none of the defendants shall reside in the state, the action shall be tried in the county which the plaintiff shall designate in the summons.

"28–04–07. *Court may change venue— Cases.*—The court may change the place of trial in the following cases:

"1. When the county designated for that purpose in the complaint is not the proper county;

"2. When there is reason to believe that an impartial trial cannot be had therein;

"3. *When the convenience of witnesses and the ends of justice would be promoted by the change;*

"4. When upon the call of the calendar at any regular or special term there appears to be an insufficient number of jury cases for trial to warrant the expense of a jury, the court, on application of any party to such an action, or on its own motion, taking into consideration the convenience of witnesses and the promotion of justice, may order the transfer of such jury cases as are on the calendar to any county within the judicial district where a jury session of court will be held in the immediate future, so that a prompt trial of such cases may be had." [Emphasis added.]

We are confronted with the following issue:

Did the district court err in denying Hoffelt's motion for change of venue from the district court of Stark County to the district court of Williams County, which county was and is Hoffelt's residence?

We reverse.

█ It is a general rule in this State that the defendant in an action of this character has an absolute right to change to the county of his residence if he seasonably makes demand therefor. *Ott v. Kelley,* 64 N.D. 361, 252 N.W. 269 (1934); *Clark v. Cleveland,* 60 N.D. 460, 235 N.W. 342 (1931); *State v. Bloom,* 49 N.D. 224, 190 N.W. 812 (1922). Further, the hearing on the motion could be held after the time for answering had expired. *Hinsey v. Alcox,* 38 N.D. 52, 164 N.W. 296 (1917).

█ In the instant case, Mr. Hoffelt made a timely demand for a change of place of trial to Williams County. When the banks' attorneys refused to sign the stipulation which accompanied such demand, counsel for the banks requested Mr. Hoffelt to file and serve the motion papers and filed a return in opposition thereto. The banks' attorneys also requested that the court decide the matter on the pleadings.

This Court, in *Ott v. Kelley, supra,* in paragraphs 1 and 4 of the syllabus, held:

"1. Where an action, properly triable in the county of the defendant's residence, is begun in another county, and proper demand is made for a change of place of trial, the defendant is entitled to such change as a matter of right."

"4. A motion for change of venue on the ground of the convenience of witnesses and furtherance of justice is addressed to the sound judicial discretion of the court."

And, 252 N.W. at page 270, the Court stated:

"The district court of Stark county could not retain jurisdiction because of convenience of witnesses and the furtherance of justice. That was a matter for the district court of Grant county to determine. [Citations omitted.] It appears

the California courts hold the application for change of venue because of convenience of witnesses can be made in opposition to a change to the proper county . . . but we believe the Dakota rule to be the better and more logical one. The rule should be a uniform one, and, as demand for change to the proper county must be made before the time for answer expires . . . while change for convenience of witnesses cannot be made until issues are joined, and as the former is a right and the latter a favor, it is more orderly to have these separate issues tried each in the proper court."

■ We adhere to the holding and reasoning of the Court. Likewise, in *Clark v. Cleveland, supra,* in the syllabus, this Court held:

"A motion to change the place of trial to the proper county is not properly resisted by a showing that the convenience of witnesses will be subserved by trial in the county in which the action was begun. Proper practice requires such showing to be presented in support of a motion in the court in which the defendants have the right to have the case heard."

And, 235 N.W. at page 343, the Court stated:

"Upon this showing it was clearly error to deny the defendants' motion for change of place of trial. In an action of this character the defendant has an absolute right to change to the county of his residence if he seasonably makes demand therefor. [Citations omitted.]

"The right being absolute, the order denying the motion cannot be supported on the ground that trial in Wells county will subserve the convenience of witnesses. The proper practice in such case is to make a motion in the court in which the defendants have the right to have the case heard. When such a motion is there made, it invokes the discretion of the court to transfer the case to some other county on the grounds of prejudice or to

subserve the convenience of witnesses and promote the ends of justice."

We adopt the holding and reasoning of the Court in *Clark v. Cleveland.*

■ Mr. Hoffelt has further asserted that the district court had no authority to consolidate his action for two reasons:

1. That the case at bar is a separate action as are the actions against the other defendants; and

2. That Hoffelt's situation is different and distinct from the other actions and other parties.

Mr. Hoffelt further asserts that there is no reference in the order of May 30, 1975, to the other cases which are to be consolidated and that neither he nor the adverse parties requested a consolidation of their trials. A perusal of Rule 42 of the North Dakota Rules of Civil Procedure reveals that normally a consolidation of trials will be called into use by motion of a party. 5 Moore's Federal Practice (2d ed. 1975) ¶ 42.-02. However, since this Court has determined that Mr. Hoffelt is entitled to a change of venue to Williams County, it follows that this action cannot be consolidated with the other actions at this time.

■ It was further asserted on oral argument that the order denying the change of place of trial may be upheld by virtue of either Administrative Order No. 1 of this Court, dated October 30, 1974, or § 27–02–05.1, N.D.C.C.

Administrative Order No. 1 pertains to the appointment of a presiding judge in each of the judicial districts and the delegation of certain administrative duties to such judge. Section 27–02–05.1, N.D.C.C., definitizes the supervisory powers of the Supreme Court with reference to all other courts. Neither Administrative Order No. 1, nor § 27–02–05.1, N.D.C.C., is applicable to the case at bar.

The order of the district court is reversed.

PEDERSON, VOGEL and SAND, JJ., concur.

ERICKSTAD, Chief Justice (dissenting).

I respectfully dissent for the reason that I believe, as the California Courts apparently do, that it is better to permit the court of first instance to decide whether the convenience of the witnesses and the ends of justice would be promoted by retaining the case for trial in the place where it is first venued. *Braunstein v. Superior Court,* 225 Cal.App.2d 691, 37 Cal.Rptr. 666, 670 (1964). While *Braunstein* is predicated on specific statutory authority [Cal.Code of Civil Procedure § 369b (West 1973)], it reflects judicial declarations prior to the statute that allowed the trial court to retain the action if the convenience of the witnesses and the ends of justice required that the action be tried in the court where it was pending. *Sheffield v. Pickwick Stages, Inc.,* 191 Cal. 9, 214 P. 852 (1923), and cases cited therein; Annot., 74 A.L.R.2d 16, 51 (1960).

The old practice which is today again approved by the majority of our court bifurcates and fragments the proceedings causing delay in the ultimate determination of the merits. Furthermore, it results in duplication of efforts and the unnecessary consumption of court time on procedural matters.

For these reasons I would remand this case to the trial court of Stark County so that an appropriate motion and affidavit may be filed setting forth specific reasons supporting retention of the cause and a hearing thereafter held on both the motion for a change of venue and the motion for retention.